**WRIGHT v. WAKE COUNTY PUBLIC SCHOOLS**

[103 N.C. App. 282 (1991)]

DOUGLAS WRIGHT, Employee, Plaintiff v. WAKE COUNTY PUBLIC SCHOOLS, Employer, SELF-INSURED (N.C. BOARD OF EDUCATION), Defendant

No. 9110IC181

(Filed 18 June 1991)

### Master and Servant § 62 (NCI3d) — auto accident — leaving required meeting — not in the course of employment

The Industrial Commission correctly denied plaintiff's workers' compensation claim where plaintiff was injured in an automobile accident after he left a required meeting to which he had been directed to drive his private car by his employer. Being required to drive one's car to a meeting is no different from being required to drive one's car to work.

**Am Jur 2d, Workmen's Compensation §§ 255 et seq.**

APPEAL by plaintiff from an opinion and award of the North Carolina Industrial Commission entered 11 October 1990. Heard in the Court of Appeals 17 June 1991.

The opinion and award of the Industrial Commission contains the following findings of fact:

(1) At the time of the injury giving rise to this claim, plaintiff, a 22-year-old man, was employed part time by defendant-employer as a school bus driver. Plaintiff's duties included driving the school bus and attending and participating in school transportation meetings.

(2) On 30 November 1988, plaintiff's average weekly wage was $132.86, yielding a compensation rate of $88.58.

(3) Defendant is a duly qualified self-insured.

(4) On 30 November 1988, plaintiff drove his school bus on his designated early morning route.

(5) Later that morning, plaintiff drove his personal car to a school transportation meeting, for which the school bus drivers were paid a pre-determined amount for each meeting. At the first meeting of that school year, Bob Sanford, plaintiff's supervisor, requested that the drivers either carpool or drive their personal car to the meetings, if possible, in order to limit

the number of school buses in the parking lot at the school where the meetings took place.

(6) After completion of the meeting, plaintiff left the school grounds between 10:00 and 10:15 A.M. in his personal car and was involved in an automobile accident on a public street immediately thereafter. Plaintiff did not have to report back to his bus for his afternoon route until 2:00 or 2:15 P.M. and was on his own personal business after leaving the morning meeting.

(7) As a result of the automobile accident, plaintiff was taken to the emergency room for evaluation and was later seen and treated for back pain by Dr. Kenneth Rich and Dr. John Smith, a chiropractor.

(8) Plaintiff drove his route for a few days after the incident, experiencing discomfort while doing so, until he was directed to stay out of work by one of his physicians through January 1989.

The Commission entered the following conclusions of law based on the foregoing findings of fact:

(1) Inasmuch as plaintiff was going about his own personal business at the time of the automobile accident, plaintiff did not sustain an injury by accident arising out of and in the course of his employment. N.C.G.S. § 97-2(6).

(2) Plaintiff's claim, therefore, is not compensable under the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(6).

*Charles R. Hassell, Jr., for plaintiff, appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Kim L. Cramer, for defendant, appellee.*

HEDRICK, Chief Judge.

The sole issue contested on appeal is whether plaintiff was performing a duty arising out of and in the course of his employment at the time the accident occurred. We find he was not.

It is a matter of law in this jurisdiction that accidents occurring while an employee is commuting to or from work do not arise out of or occur in the course of the employee's duties of employment. *See Barham v. Food World*, 300 N.C. 329, 266 S.E.2d 676,

*reh'g denied*, 300 N.C. 562, 270 S.E.2d 105 (1980). Plaintiff contends that because his presence was required at a meeting after which his accident occurred, his travel from that meeting should be included within the scope of his employment duties. In support of this argument, plaintiff points to the fact that he was directed by his employer to drive his own car to the meeting.

We cannot, however, find any support for plaintiff's contentions. Being required to drive one's car to a meeting is no different from being required to drive one's car to work. When plaintiff left the meeting he was not traveling to a destination required by his employer nor was he engaged in the furtherance of his employer's business. He was simply leaving a work-related function and going about his own business on his own time. Under these circumstances, we cannot find error in the decision of the Industrial Commission denying workers' compensation.

For these reasons, we affirm the order of the Commission.

Affirmed.

Judges COZORT and LEWIS concur.