DONNA C. REICH v. MICHAEL R. PRICE AND SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY

No. 9121SC954

(Filed 18 May 1993)

1. **Professions and Occupations § 1 (NCI3d) — elements of professional malpractice**

    In order to assert a professional malpractice claim, plaintiff must establish (1) the nature of defendant's profession, (2) defendant's duty to conform to a certain standard of conduct, and (3) that breach of the duty proximately caused injury to her.

    **Am Jur 2d, Negligence §§ 78, 91, 190, 434.**

2. **Professions and Occupations § 1 (NCI3d) — director of Employee Assistance Program — professional malpractice — insufficient forecast of evidence**

    Summary judgment was properly entered for defendant on plaintiff's claim for professional malpractice where plaintiff's forecast of evidence tended to show that defendant was the director of her employer's Employee Assistance Program, that she consulted with defendant about her marital difficulties

and was told to continue seeing her psychiatrist, that plaintiff later met with defendant in his hotel room to discuss prevention of the termination of her employment for suddenly leaving her job without permission, that while in the hotel defendant and plaintiff consumed alcohol, cocaine and marijuana and engaged in sexual intercourse twice, and that defendant was certified as an Employee Assistance Professional, but plaintiff failed to present evidence sufficient to establish the nature of defendant's "profession," the legal duty owed by defendant to plaintiff, and the standard of care to be observed by defendant.

**Am Jur 2d, Negligence §§ 78, 91, 190, 199, 203, 434; Summary Judgment § 29.**

3. **Trespass § 2 (NCI3d)— intentional infliction of emotional distress—insufficient forecast of evidence**

Plaintiff's forecast of evidence was insufficient to establish a genuine issue of material fact as to her claim against defendant for intentional infliction of emotional distress where plaintiff presented evidence that defendant, the director of her employer's Employee Assistance Program, consumed alcohol and drugs with plaintiff and engaged in sexual intercourse with her while she was consulting defendant about marital and employment difficulties; defendant knew plaintiff was seeing a psychiatrist; and after the encounter with defendant, plaintiff twice attempted suicide. The alleged conduct by defendant was not so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

**Am Jur 2d, Fright, Shock, and Mental Disturbance § 44.5.**

4. **Labor and Employment § 225 (NCI4th)— summary judgment for employee—respondeat superior and negligent supervision inapplicable**

Defendant employer cannot be held liable for its employee's actions on the basis of respondeat superior or negligent supervision where plaintiff failed to establish a genuine issue of material fact as to her claims against the employee.

**Am Jur 2d, Master and Servant § 406.**

REICH v. PRICE

[110 N.C. App. 255 (1993)]

Appeal by plaintiff from order entered 11 February 1991 by Judge William H. Freeman in Forsyth County Superior Court. Heard in the Court of Appeals 13 October 1992.

*Herman L. Stephens and Howard C. Jones II for plaintiff appellant.*

*Elrod & Lawing, P.A., by Rachel B. Hall and Pamela A. Robertson, for defendant appellees.*

COZORT, Judge.

Plaintiff appeals from an order granting defendants summary judgment on claims of professional malpractice, intentional infliction of emotional distress, and negligent employment or retention of an employee. We affirm.

Plaintiff was employed by Southern Bell in 1979. In 1981, plaintiff first contacted Southern Bell's Employee Assistance Program (EAP) seeking assistance with marital difficulties. An employee of EAP referred plaintiff to a psychiatrist. In 1986, plaintiff again contacted EAP for assistance and spoke with defendant Michael R. Price, Director of EAP and a Certified Employee Assistance Professional. Defendant Price suggested that they meet in a local restaurant. At that meeting, defendant Price recommended that plaintiff continue seeing her present psychiatrist.

On 4 June 1986, plaintiff again contacted EAP and asked to speak with defendant Price. Plaintiff explained that she was very upset because she thought she was going to be fired for leaving her job suddenly without permission that morning and going home. Defendant Price was in Wilmington when plaintiff called and was contacted there concerning plaintiff's call. Defendant Price telephoned plaintiff from Wilmington, told her she should not have left her position, and left his telephone number in Wilmington. Plaintiff telephoned defendant Price in Wilmington later that day. According to plaintiff, defendant Price then told her, "If you want to come down here, there's an extra bed in my room." Plaintiff declined.

After considering her options, plaintiff concluded that defendant Price was the only person who could explain her difficulties to her supervisor in order to prevent her employment termination. Plaintiff telephoned defendant Price again and told him she was coming to Wilmington. According to plaintiff, the next day defendant met her at the airport and took her back to his hotel. While

at the hotel, defendant Price and plaintiff consumed alcohol, cocaine, and marijuana. Defendant Price and plaintiff also had sexual intercourse twice. The next day, defendant Price took plaintiff to the airport and she returned to Winston-Salem. After the encounter with defendant, plaintiff attempted suicide twice. Defendant Price admits that he met with plaintiff in Wilmington; however, he denies using drugs and engaging in sexual relations with her.

On 23 April 1990, plaintiff filed suit in Forsyth County Superior Court alleging professional malpractice by Price, intentional infliction of emotional distress by Price, and negligent employment or retention of an employee by Southern Bell. Defendants answered and moved for summary judgment. On 11 February 1991, the superior court granted defendants' summary judgment on all claims. Plaintiff appeals.

Plaintiff first argues that there is a genuine issue of material fact as to her claim against defendant Price for professional malpractice. Specifically, plaintiff argues that as Director of the Employee Assistance Program, defendant Price owed plaintiff a legal duty not to engage in sexual conduct harmful to plaintiff's emotional well-being. We note first that plaintiff did not allege medical malpractice pursuant to N.C. Gen. Stat. § 90-21.12 (1990); rather, she alleges *professional malpractice*. Plaintiff states in her complaint that defendant Price was not qualified or licensed as a practicing psychologist pursuant to N.C. Gen. Stat. § 90-270.11 (1990). There is no dispute between the parties that defendant Price was not a health care provider as defined in N.C. Gen. Stat. § 90-21.11 (1990), because he was not licensed or otherwise registered or certified to engage in any of the medical professions listed in that section. Defendant also was not a Registered Practicing Counselor as defined in N.C. Gen. Stat. § 90-329 et seq. (1990).

[1]   In order to assert a professional malpractice claim, plaintiff must establish (1) the nature of defendant's profession, (2) defendant's duty to conform to a certain standard of conduct, and (3) that breach of the duty proximately caused injury to her. Profession is defined as:

A vocation, calling, occupation or employment involving labor, skill, education, special knowledge and compensation or profit, but the labor and skill involved is predominantly mental or intellectual, rather than physical or manual.

*Steinbeck v. Gerosa*, 4 N.Y.2d 302, 308, 151 N.E.2d 170, 173 (1958) (quoting Black's Law Dictionary 1375 (4th ed. 1951) ). Malpractice is defined as "any professional misconduct, unreasonable lack of skill or fidelity in professional or fiduciary duties, evil practice, or illegal or immoral conduct." *Watts v. Cumberland County Hosp. System*, 75 N.C. App. 1, 10, 330 S.E.2d 242, 249 (1985), *rev'd in part on other grounds*, 317 N.C. 321, 345 S.E.2d 201 (1986) (quoting Black's Law Dictionary 864 (rev. 5th ed. 1979) ). One who undertakes to render services in the practice of a profession owes a duty to exercise that degree of skill, care, and diligence exercised by members of that same profession. *See* Restatement (Second) of Torts § 299A (1965).

[2] In the case at bar, plaintiff has failed to present evidence of each of the elements set forth above. As to the nature of defendant's profession, plaintiff alleges and defendant admits that defendant held a Master's Degree in health sciences, a Bachelor's Degree in psychology, and certification as an Employee Assistance Professional. Defendant states in an affidavit that he received certification from the Employee Assistance Certification Commission and that the certification did not require any proficiency in the area of counseling or rehabilitative counseling. Defendant states that the certification indicates only that defendant was certified to inform Southern Bell Telephone and Telegraph employees about community resources that might assist them with problems possibly affecting their work. There is nothing in the record other than defendant's statements in his affidavit indicating the nature of the Employee Assistance Certification Commission or delineating the specific certification requirements. Defendant's deposition testimony indicates that, in order to be certified, he had to receive three recommendations from people, identified or known in the field, who could "verify that [he] had been involved in the field for nine years, and . . . evaluate how well [he] did the different tasks involved in employee assistance." As noted above, defendant was not qualified or licensed as a practicing psychologist pursuant to N.C. Gen. Stat. § 90-270.1 et seq. Although plaintiff argues that defendant engaged in counseling and the practice of psychology, we find that plaintiff has failed to present evidence sufficient to establish the nature of defendant's "profession."

Plaintiff has failed also to present evidence to establish the duty owed by defendant or that defendant's behavior deviated from accepted standards of practice for Employee Assistance "profes-

sionals." To establish defendant Price's duty, plaintiff presented the affidavit of Dr. Nancy S. Gaby, a practicing psychiatrist, who treated plaintiff from 17 September 1986 through 9 June 1990. Dr. Gaby stated:

> It is also my professional opinion that it is highly inappropriate for any professional person dealing with a person having emotional problems to counsel with such a client in the professional's hotel room and, particularly, to share alcohol and drugs with them and to have sexual intercourse with them. It is also my professional opinion that such conduct creates a substantial likelihood of harm to the client and the client's emotional and mental well-being.

We do not find this testimony sufficient to establish a legal duty between defendant Price and plaintiff or the standard of care to be observed by defendant Price. The statement makes a vague reference to "any professional" and does not address a standard of care for Employee Assistance Directors or members of that profession in the same or similar locality under similar circumstances. Although defendant Price stated in his deposition that sexual conduct between a person in his position and plaintiff would be unethical under the Code of Ethics published by the Association of Labor/Management Administrators and Consultants on Alcoholism (ALMACA), the Code of Ethics does not appear in the record, and defendant's statement that the Code of Ethics is a standard of conduct for people in his field is the only evidence offered to show that Employee Assistance Professionals are held to such conduct. We find that plaintiff has failed to present sufficient evidence to establish the standard of care defendant allegedly breached. Thus, while the allegations made by plaintiff, if true, depict abhorrent conduct by defendant, plaintiff has failed to offer evidence of a professional duty violated by defendant. The trial court's order granting summary judgment on plaintiff's professional malpractice claim was not error.

[3]   Plaintiff next argues that there was a genuine issue of material fact as to her claim for intentional infliction of emotional distress. Plaintiff argues that defendant's actions rise to the level of intentional infliction of emotional distress because he acted with reckless indifference to the likelihood that his actions would cause severe emotional distress. Absent some special relationship between defendant Price and plaintiff, we cannot find under the facts of this

case, that the alleged conduct was " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 493, 340 S.E.2d 116, 123, *disc. review denied*, 317 N.C. 334, 346 S.E.2d 140 (1986) (quoting Restatement (Second) of Torts § 46 Comment (d) (1965) ).

[4]   In her last argument, plaintiff contends there was a genuine issue of material fact as to defendant Southern Bell's liability for defendant Price's actions. Specifically, plaintiff argues that Southern Bell is liable on the basis of respondeat superior and negligent failure to supervise. We disagree. In *Johnson v. Lamb*, 273 N.C. 701, 707, 161 S.E.2d 131, 137 (1968), the North Carolina Supreme Court stated:

> If an employee is negligent while acting in the course of employment and such negligence is the proximate cause of injury to another, the employer is liable in damages under the doctrine of *respondeat superior*, notwithstanding the fact that the employer, himself, exercised due care in the supervision and direction of the employee, the employee's violation of instructions being no defense to the employer. Conversely, failure to instruct or supervise an employee does not impose liability upon the employer if, in fact, the employee was guilty of no negligence in the performance of his work. In such event, the omission of instructions or supervision, assuming a duty to supply them, would not be a proximate cause of the injury.

*Id.* (citations omitted). Accordingly, plaintiff's claims based on respondeat superior and negligent failure to supervise must fall because she has failed to establish a genuine issue of material fact as to her claims against defendant Price. The trial court did not err in granting summary judgment for defendants.

The judgment below is

Affirmed.

Judges JOHNSON and LEWIS concur.