The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Gregory M. Willis and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award except for the slight addition to Conclusion of Law (1).
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, with defendant-employer employing three or more regular employees.
2. At all times pertinent hereto there was an employee-employer relationship between the deceased and defendant-employer.
3. Travelers Insurance Company is the insurance carrier on the risk.
4. The deceased died on 6 March 1992 as a result of an automobile accident which occurred between plaintiff's home and work, while plaintiff was on his way to work.
* * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 6 March 1992 plaintiff-decedent had been working for defendant-employer for about one year. Defendant-employer is in the business of manufacturing plastic containers. Plaintiff worked second shift (3:00 p.m. until 1:00 a.m.) and forty (40) hours per week. His job duties included setting up molds. There were ten to twelve (10-12) mold adjusters on each shift. If the number of mold adjusters became too low, it would reduce defendant-employer's total output.
2. Plaintiff was not scheduled to work on 6 March 1992. On that day, when the first shift started, more that one mold adjuster failed to show up for work. Merle Holtzclaw called deceased at about 8:00 a.m. and asked him to come to work at 11:00 a.m. to fill in for missing workers. If deceased had refused to come to work, Mr. Holtzclaw would have called the next person on the seniority list.
3. If plaintiff had worked on 6 March 1992 he would have been paid overtime. It was voluntary for plaintiff to come to work on 6 March 1992 and he would not have been reprimanded if he had refused. If plaintiff had refused to come in to work, the time would not have been considered an absence from work.
4. After plaintiff left his home on 6 March 1992 he was killed in an automobile accident between there and work.
5. Plaintiff did not bring this action without reasonable ground.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's claim is controlled by the "Going and Coming" rule and therefore, decedent's death on 6 March 1992 was not caused by an injury by accident arising out of and in the course of his employment with defendant-employer. Wright v. Wake County PublicSchools, 103 N.C. App. 282, 405 S.E.2d 228 (1981); G.S. § 97-2 (6). Additionally, there is no case law to support the extension of the "Special Errand" exception to the "Going and Coming" rule to these facts where plaintiff was reporting to voluntary overtime work.Jones v. Trust Co., 206 N.C. 214, 173 S.E.2d 595 (1934). To pursue such an extension in the law is a task for North Carolina Supreme Court and/or the North Carolina General Assembly.
2. Defendant is not entitled to an attorney's fee to be paid by plaintiff, because plaintiff did not bring this action without reasonable ground. G.S. § 97-88.1.
* * * * * * * * * * * * * * *
Based on the foregoing finding of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation pursuant to the North Carolina's Workers' Compensation Act must be and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ _________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________________ JOHN A. HEDRICK DEPUTY COMMISSIONER
DISSENTING:
S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER