The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas E. Berger and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor revisions.
The Majority agree with that part of the dissenting Commissioner's opinion concerning the unfairness and inequity of the statutory provisions which would have compensated plaintiff's dependents if he had been killed in this same accident, but allow no recovery for his injuries. However, any clarification or modification of this statutory inconsistency should be addressed by the General Assembly and not by this Commission.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. As aforementioned, all stipulations contained in the Pre-Trial Agreement are received into evidence.
2. A copy of a recorded statement made by Alan Dennis on April 25, 1995 marked as exhibit stipulated 1 was received into evidence. (six pages)
3. A copy of a recorded statement by the plaintiff on April 18, 1995 marked as exhibit stipulated 2 was received into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff had served as a volunteer firefighter for the Conetoe Volunteer Fire Department three years prior to April 18, 1995. Plaintiff was serving as the president of the fire department on April 18, 1995.
2. Plaintiff's duties included fighting fires, responding to calls for help until a rescue squad arrived, and presiding over board meetings and regularly scheduled monthly business meetings.
3. On April 18, 1995, plaintiff presided over the regularly scheduled monthly business meeting at the fire station. All members of the volunteer fire department were required to be at this meeting. The fire chief trained the members on how to test fire hoses. After the meeting, plaintiff left the fire station in order to return home. Plaintiff drove his motorcycle approximately one hundred yards when he lost control of the vehicle inside a curve on the public road. As a result of this motor vehicle accident, plaintiff sustained a shoulder injury, three cracked ribs, a collapsed lung and a hole in his left hand.
4. Plaintiff was not reimbursed for travel expenses arising out of traveling to and from these fire station meetings.
5. Plaintiff was required to receive thirty six hours of training in order to maintain his status as a certified volunteer firefighter. Plaintiff received credit for attending the meeting on April 18, 1995.
6. Plaintiff had a duty to be at the fire station meeting on April 18, 1995.
7. Plaintiff had to provide his own transportation to and from the regularly scheduled monthly business meetings held at the fire station.
8. The members of the fire department do not respond directly to a fire by leaving their homes and traveling to the scene of a fire. The firefighters travel from their homes to the fire station and then leave the fire station to travel to the scene of a fire.
9. Plaintiff was not performing any work for or activity on behalf of the defendant-employer at the time of his injury by accident.
10. Plaintiff was not traveling to a destination required by the defendant-employer at the time of his injury by accident on April 18, 1995.
11. The fire station was the regular situs of plaintiff's employment.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. For an injury to be compensable, it must be shown to have resulted from an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6); Perry v. Bakeries Co.,262 N.C. 272, 136 S.E.2d 643(1964).
2. An injury sustained by an employee while going to or coming from work is not an injury arising out of and in the course of employment. Barham v. Food World, 300 N.C. 329, 266 S.E.2d 676reh'g denied, 300 N.C. 562, 270 S.E.2d 105(1980).
3. Since plaintiff was going about his own personal business at the time of the accident after leaving a work-related function, plaintiff did not sustain an injury by accident arising out of and in the course of his employment. N.C. Gen. Stat. §97-2(6); Wright v. Wake County Public Schools, 103 N.C. App. 282,405 S.E.2d 228(1991).
4. Plaintiff's claim, therefore, is not compensable under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §97-2(6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim must be, and is hereby, DENIED.
2. Each side shall pay its own costs.
This the ____ day of April, 1997.
 S/ __________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
LKM/bjp