CYNTHIA JO RYMER AND JOAN TRULL, PLAINTIFFS-APPELLEES v. ESTATE OF RALPH HENRY SORRELLS, JR., BY AND THROUGH THE COURT APPOINTED COLLECTOR, ELSON BRITT SORRELLS, DEFENDANT-APPELLANT

No. COA96-1210

(Filed 19 August 1997)

1. **Judgments § 222 (NCI4th)— offensive collateral estoppel—mutuality—not required**

   North Carolina authorizes the non-mutual, offensive use of collateral estoppel. Mutuality of parties is no longer required when invoking either offensive or defensive collateral estoppel.

2. **Judgments § 222 (NCI4th)— automobile accident—determination of last clear chance in prior action—offensive collateral estoppel—non-mutual party—doctrine erroneously applied**

   The trial court abused its discretion in an action arising from an automobile accident by allowing plaintiff Rymer to assert offensive collateral estoppel on the issue of last clear chance where plaintiff had been a passenger in a car driven by defendant's decedent and the jury in an prior action had found that the decedent had the last clear chance to avoid the accident, but the prior plaintiff had been the owner of the car and had been the front rather than the rear passenger in a two-door car. Plaintiff Rymer could have intervened in the prior action but did not, and defendant had no opportunity or incentive to raise these arguments. North Carolina courts are to strictly scrutinize whether to apply the doctrine of offensive collateral estoppel in light of judicial economy and fairness to the other party.

Appeal by defendant from judgment entered 22 July 1996 by Judge J. Marlene Hyatt in Haywood County Superior Court. Heard in the Court of Appeals 15 May 1997.

*Hyler & Lopez, P.A., by George B. Hyler, Jr., Michele M. Watson, and Robert J. Lopez, for plaintiffs-appellees.*

*Cogburn Goosmann Brazil & Rose, P.A., by Steven D. Cogburn, for defendant-appellant.*

WYNN, Judge.

The facts of this case arise from the same accident addressed by our decision of *Trantham v. Estate of Sorrells*, 121 N.C. App. 611, 468 S.E.2d 401 (1996), *disc. review denied*, 343 N.C. 311, 472 S.E.2d 82 (1996):

On 26 January 1991, . . . Tina Trantham visited a bar in Haywood County where she met Cynthia Rymer and agreed to spend the night at her house. They rode together in Ms. Rymer's car which was driven by defendant-decedent, Ralph Henry Sorrells. Ms. Rymer had asked him to drive because she had consumed too much alcohol and Mr. Sorrells had represented that he had consumed only two beers.

Ms. Rymer rode in the front passenger seat, and Ms. Trantham and a male friend of Mr. Sorrells' rode in the back seat. During the course of the drive from Waynesville towards Canton on Interstate 40, Mr. Sorrells drove at a dangerously high rate of speed despite repeated protests and requests by Ms. Rymer and Ms. Trantham for him to slow down. He eventually stopped the car at a convenience store near Clyde, North Carolina where all of the occupants got out and entered the store. After assuring Ms. Rymer that he would drive slower, Mr. Sorrells continued driving the car. Nevertheless, he resumed driving at an excessively high speed again over the protests of Ms. Rymer and Ms. Trantham. Tragically, after turning onto North Canton Road, Mr. Sorrells . drove the car into a wall on the roadside causing it to careen into a tree killing him and severely injuring Ms. Trantham and the other passengers.

*Id.* at 612, 468 S.E.2d at 402.

In *Trantham*, a jury found Mr. Sorrells negligent and grossly negligent, Tina Trantham contributorily negligent and grossly con-

tributorily negligent, but awarded Ms. Trantham $25,000 after finding that Mr. Sorrells had the last clear chance to avoid the accident. This court upheld the submission of the issue of last clear chance to the jury and affirmed the trial court's decision. *Trantham,* 121 N.C. App. at 612, 468 S.E.2d at 402.

The instant case involves a suit brought against Mr. Sorrells' estate by the front seat passenger-owner Cynthia Jo Rymer. Prior to trial, the trial court granted partial summary judgment in favor of Ms. Rymer on the issue of liability on the grounds that the *Trantham* judgment operated as collateral estoppel on the issues of Mr. Sorrell's negligence, gross negligence and last clear chance. Following a hearing on the issue of damages, the trial court entered judgment for Ms. Rymer in the amount of $25,000 plus costs. The Estate of Sorrells appealed to this Court.

_____

This case presents two issues on appeal: (I) Does North Carolina authorize the non-mutual, offensive use of collateral estoppel; and (II) If so, did the trial court abuse its discretion in applying it in this case. We find that our state does authorize the non-mutual, offensive use of collateral estoppel but conclude that it would be inequitable to allow Ms. Rymer to assert it in this case. We, therefore, reverse and remand the judgment of the trial court.

I.

[1] "Collateral estoppel precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." *In re McNallen,* 62 F.3d 619, 624 (4th Cir. 1995). *See also King v. Grindstaff,* 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973).

Until recently, our courts limited the application of collateral estoppel to parties or those in privity with them by requiring "mutuality": both parties had to be bound by the earlier judgment. *King v. Grindstaff,* 284 N.C. at 357, 200 S.E.2d at 805. However, in 1986, our Supreme Court, recognizing that "[t]he modern trend in both federal and state courts is to abandon the requirement of mutuality for collateral estoppel," eliminated the mutuality requirement for *defensive* collateral estoppel. *Thomas M. McInnis & Assoc., Inc. v. Hall,* 318 N.C. 421, 432, 349 S.E.2d 552, 558 (1986) (non-mutual, defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated

unsuccessfully in another action against a different party. *See Parklane Hosiery Company v. Shore*, 439 U.S. 322, 326, 58 L.Ed. 2d 552, 559 (1979)).

In the subject case, Ms. Rymer was not a party to the *Trantham* litigation, but she seeks to use the *Trantham* judgment against the Estate of Sorrells, which was a party in *Trantham*. This is known as non-mutual, offensive collateral estoppel: a plaintiff seeks to foreclose a defendant from relitigating an issue that the defendant has previously litigated unsuccessfully in another action against a different party. *See Parklane, supra*. In principle, this Court in *Tar Landing Villas v. Town of Atlantic Beach*, 64 N.C. App. 239, 307 S.E.2d 181 (1983), *disc. rev. denied*, 310 N.C. 156, 311 S.E.2d 296 (1984), approved of the use of non-mutual, offensive collateral estoppel even though we chose not to apply it in that case. Writing for the Court, Judge Wells stated:

> While we recognize these exceptions [regarding mutuality and offensive application] and approve of the expanded doctrine as a way to end vexatious litigation, we, nevertheless, find that it would be inequitable to allow petitioners, even those with privity, to assert the doctrine in this case."

*Id.* at 243, 307 S.E.2d at 185.

Again, we reiterate Judge Wells' recognition of the modern trend and conclude that mutuality of parties is no longer required when invoking either offensive or defensive collateral estoppel.

II.

[2] Having determined that our law allows a non-mutual party to assert offensive collateral estoppel, we next consider whether it would be inequitable to allow Ms. Rymer to do so under the facts of this case.

In *Parklane*, the United States Supreme Court expressed its reservations regarding the application of non-mutual, offensive collateral estoppel in federal cases:

> [O]ffensive use of collateral estoppel does not promote judicial economy in the same manner as defensive use does. Defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely "switching adversaries." Thus defensive collateral estoppel gives a plaintiff a strong incentive to join all potential defendants in the first action if possible. Offensive

use of collateral estoppel, on the other hand, creates precisely the opposite incentive. Since a plaintiff will be able to rely on a previous judgment against a defendant but will not be bound by that judgment if the defendant wins, the plaintiff has every incentive to adopt a "wait and see" attitude, in the hope that the first action by another plaintiff will result in a favorable judgment. Thus offensive use of collateral estoppel will likely increase rather than decrease the total amount of litigation, since potential plaintiffs will have everything to gain and nothing to lose by not intervening in the first action.

439 U.S. at 329-30, 58 L.Ed.2d at 561.

The Supreme Court also noted that offensive use of collateral estoppel might be unfair to a defendant if, among other things: (1) the defendant had little incentive to defend vigorously in the first action; (2) the judgment relied upon as the basis for the estoppel is inconsistent with previous judgments; and (3) the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result. *Id.* at 330-31, 58 L.Ed 2d at 561-62. In light of these considerations, the Supreme Court cautioned that non-mutual, offensive collateral estoppel should not be applied where: (1) a plaintiff in the second action could have easily joined in the earlier suit; or (2) where the application of offensive estoppel would be unfair to a defendant. *Id.* at 331, 58 L.Ed.2d at 562.

In *Tar Landing*, this court elaborated on the *Parklane* analysis by cautioning North Carolina courts to "strictly scrutinize whether to apply the doctrine in light of judicial economy and fairness to the other party." 64 N.C. App. at 244, 307 S.E.2d at 185.

Upon reviewing the record in the instant case, we conclude that it would be inequitable to allow Ms. Rymer to use the *Trantham* judgment to her advantage. First, although not required to do so, Ms. Rymer could have intervened in the earlier *Trantham* action. (It should be noted that Ms. Trantham chose *not* to sue Ms. Rymer under either a theory of negligent entrustment or respondent superior.) Second, we find that it would be unfair to allow Ms. Rymer to use the *Trantham* jury's finding that Mr. Sorrells had the last clear chance to avoid the accident. In *Trantham v. Estate of Sorrells*, this Court noted that in order to obtain an instruction on the doctrine of last clear chance, Ms. Trantham had to show, among other things, that she was unable to avoid the harm placing her in helpless peril immediately before the accident. 121 N.C. App. at 614, 468 S.E.2d at 403. In

concluding that Mr. Sorrells had the last clear chance to avoid the accident, the *Trantham* jury focused on whether *Ms. Trantham* was in helpless peril at the time immediately preceding the accident. However, unlike Ms. Rymer, Ms. Trantham sat in the backseat of a two-door car. Moreover, in addition to being a front seat passenger, Ms. Rymer owned the vehicle. We express no opinion on whether a second jury would be convinced by either of these arguments, but it is clear that defendant had no opportunity nor incentive to raise them in its suit against Ms. Trantham. Instead, we conclude that the trial court abused its discretion in prohibiting the Estate of Sorrells from relitigating the issue of last clear chance.

Since we hold that the trial court erroneously granted summary judgment for plaintiff on the issue of defendant's liability, it follows that the trial court's award of damages cannot stand. Accordingly, we reverse the trial court's order granting summary judgment in plaintiff's favor as well as the subsequent award of damages.

Reversed.

Judges LEWIS and MARTIN, John C., concur.