DOWD F. GREENE, Jr. AND WIFE, NANCY P. GREENE v. PELL & PELL, L.L.P.,
GERALD A. PELL AND RALPH W. GORRELL

No. COA00-651

(Filed 3 July 2001)

**Attorneys— malpractice—negligent representation—bank-
ruptcy proceeding**

The trial court did not err by granting a directed verdict in
favor of defendants in a professional malpractice action based on
defendant attorneys' alleged negligent representation of plaintiffs
in a bankruptcy proceeding, because: (1) whether the bankruptcy
judge would have granted a motion for a stay if defendants had
requested one is mere speculation; (2) plaintiffs did not present
any evidence they would have prevailed on appeal when plain-
tiffs' own expert testified he saw no error on the part of the bank-
ruptcy judge when the witness reviewed the bankruptcy pro-
ceeding transcript; and (3) plaintiffs failed to show proximate
cause in order to have the issues decided by the jury.

Appeal by plaintiffs from judgment entered 28 September 1999 by
Judge Russell G. Walker, Jr. in Guilford County Superior Court. Heard
in the Court of Appeals 29 March 2001.

*Brown & Associates by Donald M. Brown, Jr. for plaintiffs-
appellants.*

*Henson & Henson by Perry C. Henson, Jr. and Amanda M.
Willis for defendants-appellees.*

THOMAS, Judge.

Plaintiffs Dowd and Nancy Greene appeal from a directed verdict
granted in favor of defendants in an action for professional malprac-
tice. Plaintiffs set forth one assignment of error. For the reasons
stated herein, we affirm.

The facts are as follows: Plaintiffs operated a garage-door busi-
ness and owned five separate properties, including a house, a rental
house, a commercial building, a 139-acre tract and a 55-acre tract.
They filed for bankruptcy in 1993. After having one of the parcels sold
at what they considered to be a low price, plaintiffs sought the serv-
ices of defendants, the law firm of Pell & Pell, L.L.P., and two attor-
neys with the firm, Gerald A. Pell and Ralph W. Gorrell. Plaintiffs had

earlier been represented by two different law firms at various stages of the bankruptcy proceeding.

Defendants were retained for the overall purpose of challenging the 'order already entered confirming the sale of the property. Plaintiffs claim they were told that if they could post a bond of $50,000 to $100,000, defendants would obtain a stay enjoining the bankruptcy trustee from closing on the properties. At the hearing, defendants asked the court to set aside the sale, but the motion was denied. Then, upon inquiry of the court regarding a stay, defendants said that part of the motion was moot because it was intended only for the time period until the court could hear the motion to set aside.

Defendants then filed notice of appeal as to the order confirming sale, and a motion to stay, but prior to the hearing of that motion, the trustee sold the property. At the hearing itself, the bankruptcy court found that the motion to stay pending the outcome of the appeal had been rendered moot. Defendants had failed to request an expedited hearing for the motion to stay. Plaintiffs' testified they told defendants from the very beginning they could post an adequate bond if a stay were granted.

Defendants represented plaintiffs for several additional months in the bankruptcy action, but eventually plaintiffs brought suit against defendants both under breach of contract and professional malpractice in the case at bar.

Prior to the start of trial, the court granted defendants' motion to dismiss the breach of contract claim. A jury was empaneled to hear the malpractice claim, however, with both sides presenting evidence. At the close of the evidence, both sides moved for a directed verdict. The trial court denied plaintiffs' motion, but granted that of defendants. The court found, first, that plaintiffs failed to present evidence of any negligent act and, second, that they failed to show any proximate cause between the acts of defendants and the alleged damages. Plaintiffs appeal to this Court.

By their only assignment of error, plaintiffs argue two grounds for the reversal of the trial court's order. First, they contend there is a genuine issue of material fact which should have been submitted to the jury. Second, they contend the court improperly refused to allow plaintiffs to submit an offer of proof concerning an expert's testimony. We disagree with the former. We do not reach the latter because it was not assigned as error and is thus not properly be-

fore us, pursuant to Rule 10(c)(1)) of the N.C. Rules of Appellate Procedure.

A directed verdict is proper when there is *no* evidence of an essential element of plaintiff's claim. *McMurray v. Surety Federal Savings & Loan Assoc.*, 82 N.C. App. 729, 348 S.E.2d 162 (1986), *cert. denied*, 318 N.C. 695, 351 S.E.2d 748 (1987) (emphasis added). To establish a claim for professional malpractice, the plaintiff must show: (1) the nature of the defendant's profession; (2) the defendant's duty to conform to a certain standard of conduct; and (3) a breach of the duty proximately caused injury to the plaintiffs. *Reich v. Price*, 110 N.C. App. 255, 429 S.E.2d 372, *cert. denied*, 334 N.C. 435, 433 S.E.2d 178 (1993).

It is the last element at issue in the instant case. Plaintiffs argue defendants proximately caused them injury by failing to ask the trial court for a stay at the 7 April 1999 bankruptcy hearing and by failing to request an expedited hearing for a stay pending appeal before the actual sale of the properties. Plaintiffs' alleged injuries result from the low sale price of the properties and from the legal fees spent after the alleged malpractice occurred.

Plaintiffs cite *Gram v. Davis*, 128 N.C. App. 484, 495 S.E.2d 384 (1998), as authority. In *Gram*, the plaintiff sued his attorney because the attorney, after performing a title search, failed to inform him that the lot he purchased, which was adjacent to lakefront property, had a restrictive covenant preventing him from using the lakefront property to access the lake. He was unable to sell the lots after he had completed grading services on the property because the grading company recorded a lien on the property in the amount of $76,000, which the plaintiff assigned as damages. The defendants argued the proximate cause of the plaintiff's injuries was the lien. This Court found that "the lien was not an insurmountable obstacle to prevent plaintiff from selling the property; thus, it was not the proximate cause of [the] plaintiff's damages." *Id.* at 489, 495 S.E.2d at 387. We held a directed verdict was not appropriate where the plaintiff had testified that he would have paid the lien amount in order to sell the lots. *Id.*

However, in the instant case, defendants argue plaintiffs failed to show proximate cause because they did not establish that the motion for a stay would have been granted had defendants requested it at the April hearing. To guess at whether the bankruptcy judge, now deceased, would have granted the motion would be speculation. We note, however, that the bankruptcy judge stated

**GREENE v. PELL & PELL, L.L.P.**

[144 N.C. App. 602 (2001)]

> I don't think I have seen many cases that have been anymore hard fought by the debtors than [plaintiffs] have fought in this case. At an early stage they filed . . . a voluntary Chapter 13 pro se . . . [T]hey decided to convert it to Chapter 11 . . . .
>
> And we proceeded and nothing went well in the case, and it got converted. And they changed attorneys again. . . . [A]t the last minute [the plaintiffs' attorney] comes in and wants me to sign an ex parte order enjoining . . . this sale[.] And for the third time I, again, benefitted the debtors, but I assured him that when I did so that if he didn't come up with his sale that this auction was going to take place.

Further, plaintiffs did not present any evidence they would have prevailed on appeal. Plaintiffs' own expert witness testified he saw no error on the part of the bankruptcy judge when he reviewed the bankruptcy proceeding transcript. Thus, even if a stay had been granted, there is no evidence plaintiffs' position would ultimately have differed.

In a motion for a directed verdict, all of the evidence favoring the non-moving party must be taken as true, giving the non-moving party the benefit of every reasonable inference which may be legitimately drawn therefrom with all contrasts, conflicts and inconsistencies resolved in the non-moving party's favor. *Murphy v. Edwards*, 36 N.C. App. 653, 659, 245 S.E.2d 212, 216-17, *disc. review denied*, 295 N.C. 551, 248 S.E.2d 728 (1978). Plaintiffs have shown some evidence of each of the elements of professional malpractice, except the crucial element of proximate cause, which keeps them from having the issues decided by a jury. It is well-settled that directed verdicts, or any summary adjudications for that matter, are not well-suited for negligence cases because the issues are for the jury. *Crane v. Caldwell*, 113 N.C. App. 362, 438 S.E.2d 449 (1994); *Taylor v. Walker*, 320 N.C. 729, 360 S.E.2d 796 (1987); *Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E.2d 255 (1979). However, in this case, plaintiffs did not put forth any evidence to show defendants proximately caused an injury.

AFFIRMED.

Judges MARTIN and BIGGS concur.