BRENDA GAIL BRADLEY, INDIVIDUALLY, AND AS ADMINISTRATRIX FOR THE ESTATE OF HARVEY LEE BRADLEY, SR.; AND SONYA ANNETTE BRADLEY, PLAINTIFFS V. HIDDEN VALLEY TRANSPORTATION, INC., DEFENDANT

No. COA01-150

(Filed 28 December 2001)

1. **Motor Vehicles— returning truck after work hours— not within scope of employment—respondeat superior inapplicable**

     The driver of a truck was not acting within the scope of his employment at the time of an accident, and the driver's employer was not liable for damages under the doctrine of respondeat superior, where the driver was an hourly employee who had clocked out and was not being paid when the accident occured as he was returning the truck to the owner's home.

2. **Collateral Estoppel and Res Judicata— vicarious liability—not previously determined**

     Defendant's vicarious liability for an automobile accident was not previously determined in a related case when the defendant in this case was added as a party and defendant's insurer's motion for summary judgment was denied. The amendment allowing defendant into the action did not decide the issue of whether

defendant was vicariously liable and the issue of vicarious liability was not necessary for the summary judgment determination in the prior case.

Judge HUDSON dissenting.

Appeal by plaintiffs from judgment entered on 9 November 2000 by Judge Robert P. Johnston in Burke County Superior Court. Heard in the Court of Appeals 28 November 2001.

*Kuehnert & Bellas, PLLC, by Daniel A. Kuehnert, for plaintiffs-appellants.*

*Roberts & Stevens, P.A., by Gary Bruce, for defendant-appellee.*

TYSON, Judge.

Brenda Gail Bradley and Sonya Annette Bradley (individually "Sonya," collectively "plaintiffs") appeal an order granting Hidden Valley Transportation, Inc.'s (in this action "defendant," in previous actions "Hidden Valley") motion for summary judgment. We affirm the trial court's order.

### I.  Facts

On 18 September 1995 at approximately 7:00 p.m., Gary Dale Price ("Price"), an employee of defendant, was driving a truck owned by Sherry Lee's (president of defendant, "Mrs. Lee") husband, Edwin Aaron Lee ("Mr. Lee"). It collided into the side of a pickup truck driven by Tracy L. Brackett ("Brackett"), causing it to careen into Harvey Lee Bradley's (deceased husband of plaintiff, "Mr. Bradley") car, killing him, and injuring Sonya, who was a passenger in the car. Price was charged with failing to yield the right-of-way.

Plaintiffs filed a complaint against Price, Mr. Lee, Mrs. Lee, Brackett, and Gary William Brackett on 5 December 1996. Plaintiffs amended their complaint naming Hidden Valley as an additional defendant. Plaintiffs settled their claims with all parties except for Hidden Valley. The trial court later dismissed Hidden Valley without prejudice. On 24 February 2000, plaintiffs re-filed against defendant. The parties agreed that discovery from the previous action, as well as discovery from a related case of *John Deere Ins. Co. v. Bradley, et al.*, 98 CVS 825, (*"John Deere"*), would be utilized in the new action. Defendant's motion for summary judgment was granted on 9 November 2000. Plaintiffs appeal.

BRADLEY v. HIDDEN VALLEY TRANSP., INC.

[148 N.C. App. 163 (2001)]

## II. Issue

Plaintiffs assign as error the trial court's granting of defendant's motion for summary judgment because (1) genuine issues of material fact exist, and/or (2) the doctrine of collateral estoppel previously established defendant's vicarious liability.

### A. Genuine Issues of Material Fact

**[1]** Plaintiffs contend that whether Price was acting within the scope of his employment at the time of the accident is a disputed issue of material fact precluding summary judgment. They argue that the "commuting rule" should not apply because Price was "about his master's business when he was returning his master's property." Alternatively, plaintiffs argue that there is a disputed issue of fact with respect to whether defendant had an interest in the truck Price was driving. We disagree.

We review a grant of summary judgment with a two-part analysis: "(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784, 534 S.E.2d 660, 664 (2000), *cert. denied*, —— U.S. ——, —— L. Ed. 2d —— (October 9, 2001).

The burden of proof rests with the movant to show that summary judgment is appropriate. *Development Corp. v. James*, 300 N.C. 631, 637, 268 S.E.2d 205, 209 (1980). We review the record in the light most favorable to the non-moving party. *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975).

"If an employee is negligent while acting in the course of employment and such negligence is the proximate cause of injury to another, the employer is liable in damages under the doctrine of respondeat superior . . . ." *Reich v. Price*, 110 N.C. App. 255, 261, 429 S.E.2d 372, 376 (1993) (quoting *Johnson v. Lamb*, 273 N.C. 701, 707, 161 S.E.2d 131, 137 (1968)). "[A]ccidents occurring while an employee is commuting to or from work do not arise out of or occur in the course of the employee's duties of employment." *Wright v. Wake County Public Schools*, 103 N.C. App. 282, 283-84, 405 S.E.2d 228, 229 (1991) (citing *Barham v. Food World*, 300 N.C. 329, 266 S.E.2d 676, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 105 (1980)).

Plaintiffs argue that the jury could conclude that the following facts may prove that Price was within the scope of his employment

when the collision occurred: (1) Mrs. Lee's personal residence doubled as the corporate headquarters because certain corporate records were stored there, (2) that the truck Price was driving was "used at various times by numerous employees of defendant," (3) the truck had a personalized front license plate frame with defendant's name, (4) the truck was used for defendant's business that day, (5) the truck may have contained defendant's bank statements and Mrs. Lee's pocketbook, and (6) that defendant had an ownership interest in the truck.

All of this evidence taken in the light most favorable to plaintiffs fails to raise a reasonable inference that Price was acting within the scope of his employment at the time of the collision. Price was an hourly employee who had clocked out for the day and was not being paid when he was returning Mr. Lee's truck to his house at 7:00 p.m. We conclude that Price was performing a purely personal obligation at the time of the accident. This assignment of error is overruled.

### IV.  Collateral Estoppel

**[2]** Plaintiffs argue that defendant's vicarious liability was previously judicially decided when the trial court in the *John Deere* case: (1) granted plaintiffs' motion to amend its complaint to add Hidden Valley as a defendant, and (2) denied John Deere Insurance Company's ("John Deere"), Hidden Valley's insurer, motion for summary judgment. Plaintiffs contend that those rulings preclude summary judgment in favor of defendant in this action. We disagree.

It is true that "[c]ollateral estoppel can serve as the basis for summary judgment." *Murakami v. Wilmington Star News, Inc.*, 137 N.C. App. 357, 359, 528 S.E.2d 68, 69 (2000) (citing *Beckwith v. Llewellyn*, 326 N.C. 569, 573, 391 S.E.2d 189, 191, *reh'g denied*, 327 N.C. 146, 394 S.E.2d 168 (1990)).

" 'Collateral estoppel precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding.' " *Rymer v. Estate of Sorrells*, 127 N.C. App. 266, 268, 488 S.E.2d 838, 840 (1997) (quoting *In re McNallen*, 62 F.3d 619, 624 (4th Cir. 1995) (citations omitted)).

The requirements for the identity of issues to which collateral estoppel may be applied have been established by this Court as follows: (1) the issues must be the same as those involved in the

prior action, (2) the issues must have been raised and actually litigated in the prior action, (3) the issues must have been material and relevant to the disposition of the prior action, and (4) the determination of the issues in the prior action must have been necessary and essential to the resulting judgment.

*State v. Summers*, 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000) (citation omitted). "The party opposing issue preclusion has the burden 'to show that there was no full and fair opportunity' to litigate the issues in the first case." *Miller Bldg. Corp. v. NBBJ North Carolina, Inc.*, 129 N.C. App. 97, 100, 497 S.E.2d 433, 435 (1998) (quotation omitted).

Here, defendant has the burden of showing that the issue of vicarious liability has never been judicially decided. Defendant has met its burden.

With respect to Hidden Valley being added to the previous *John Deere* action, defendant notes that the trial court added Hidden Valley based on Rule 15(a) of the North Carolina Rules of Civil Procedure. Nothing in the record indicates that the trial court determined the issue of Hidden Valley's vicarious liability prior to, during, or after adding it into that action. Trial courts freely allow amendments to ensure that final decisions are based on the merits of a case and not avoided because of a technicality. *Mangum v. Surles*, 281 N.C. 91, 187 S.E.2d 697 (1972). The amendment allowed Hidden Valley into the plaintiffs' action; it did not decide the issue of whether Hidden Valley was vicariously liable.

Finally, despite plaintiffs' arguments to the contrary, denial of summary judgment for John Deere in the *John Deere* action did not decide the issue of Hidden Valley's vicarious liability. That issue was unnecessary for the summary judgment determination in *John Deere*. If John Deere would have been able to prove that: (1) Price was not a named insured, (2) Mr. Lee's truck was not a covered auto, or (3) notice of the accident was not given by Hidden Valley, summary judgment would have been appropriate. In the order denying John Deere's motion for summary judgment, the trial court concluded that "there are genuine issues of material fact . . . ." This decision did not reach, let alone decide, the issue of whether Hidden Valley was vicariously liable. We conclude defendant met its burden and demonstrated that the issue of defendant's vicarious liability has not previously been judicially determined to warrant the doctrine of issue preclusion. This assignment of error is overruled. Viewing the evidence in the

light most favorable to plaintiffs, we hold that there are no disputed issues of material fact and defendant is entitled to judgment as a matter of law.

Affirmed.

Judge TIMMONS-GOODSON concurs.

Judge HUDSON dissents.

HUDSON, Judge, dissenting.

Taken in the light most favorable to the plaintiffs, I conclude that the evidence forecasts a genuine issue of material fact as to whether the driver, Price, was engaged in the defendant's business at the time of the collision. For example, Ms. Sherry Lee, the defendant's then-president, testified that she was "aware that he [Price] was needing to drive the truck home in order to finish the business that he had in Hickory," and that she had approved and authorized him to do so. This passage, among others, raises a possible inference that Price was going about the defendant's business at the time of the collision. Accordingly, I would reverse the Order granting summary judgment, and remand this case for trial. Therefore, I respectfully dissent.