**Herbert B. HOLLISTER, Plaintiff,**

v.

**Bruce MOLANDER and Valley Agents, National Insurance Services, Inc., and Pan–American Life Insurance Company, Defendants.**

**No. 90 C 02842.**

United States District Court, N.D. Illinois, E.D.

Aug. 28, 1990.

Wendell W. Clancy, Clancy & Krippner, St. Charles, Ill., for plaintiff.

J. Robert Geiman, William A. Chittenden, III, Bary C. Taylor, Peterson Ross Schloerb & Seidel, David E. Morgans, J. Ellen Hicks, Williams & Montgomery Ltd., Chicago, Ill., for defendants.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

The plaintiff, Bruce Hollister, originally filed this civil declaratory judgment action on April 17, 1990, in the Circuit Court for the Sixteenth Judicial Circuit, Kane Coun-

---

ty, Illinois, seeking a declaration of rights under a policy of insurance issued by the defendants. The defendants removed the action to this Court, on the ground that the suit, predicated exclusively on state contract law, is subject to preemption by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The defendants have now moved to dismiss the complaint because Hollister's state law contract claim of entitlement to benefits under the insurance policy relates to an employee welfare benefit plan established by Hollister's employer and is therefore governed and preempted by ERISA. 29 U.S.C. § 1144(a) (1988). Because the defendants have presented matter outside the pleadings we shall treat their motion as one for summary judgment, but solely on the question as to whether Hollister's claim is preempted.

Hollister first challenges the defendants' contention that the health plan at issue is an ERISA employee welfare benefit plan. ERISA defines an employee welfare benefit plan as "any plan, fund or program ... established or maintained by an employer or by an employee organization" for the purposes of providing medical and other benefits for its participants "through the purchase of insurance or otherwise." 29 U.S.C. § 1002(1) (1988). The Department of Labor ("DOL") has established a regulation to help clarify the statutory definition of an employee welfare benefit plan. That regulation provides a "safe harbor" from ERISA coverage for benefit arrangements in which all four of the following conditions are met:

1. No contributions to premiums are made by the employer on behalf of the employees;

2. Participation in the program is completely voluntary;

3. The sole functions of the employer with respect to the program are to permit the insurer to publicize the program to its employees and to collect and remit employees' premiums;

4. The employer receives no compensation in connection with the program.

*See Brundage–Peterson v. Compcare Health Services,* 877 F.2d 509, 510 (7th Cir.1989).

In *Brundage–Peterson,* the plaintiff sought recovery of health insurance benefits under a group policy purchased by her employer. The Seventh Circuit addressed the question as to whether the employer's purchase of group insurance constituted a "plan" governed by ERISA. The plan in *Brundage–Peterson* had three pertinent components: (1) a contractual arrangement between the employer and the insurance company for the provision of insurance to the employer's employees; (2) an eligibility requirement of being an employee of more than thirty days standing; and (3) the employer's contribution of some, but not all, of the insurance premiums on behalf of its employees. The Seventh Circuit held that this "bare-bones" plan was an ERISA plan as a matter of law. *Id.* at 510–11.

Hollister's complaint and the additional exhibit provided by the defendants establishes that the three plan components cited by the Seventh Circuit in *Brundage–Peterson* are also present here. Hollister's employer, Herb's Glass and Mirror, Inc., entered into a contractual arrangement with the Pan–American defendants to provide health insurance coverage for its employees. An eligibility requirement was set such that only full-employees (working 30 hours or more per week) and future employees who have first worked full-time for a 30 day waiting period were to be eligible for coverage. The employer in this case also contributed 100% of the insurance premiums on behalf of its employees. *See* Application and Subscription Agreement Sections III, VI, VII. These facts alone establish the insurance plan is an ERISA plan.

In addition, the employer in this case offered only a single plan, rather than a choice of plans such as were offered by the employer in *Brundage–Peterson.* The employer also expressed its unequivocal intent to establish an ERISA plan and to comply with the provisions of ERISA as it deemed necessary. *See* Application and Subscription Agreement Section VI. These facts

further support our conclusion that the plan in this case is an employee welfare benefit plan established by Hollister's employer.

Finally, Hollister does not challenge the fact that he is clearly a beneficiary in the plan. And because Hollister seeks to recover medical benefits which he claims were due him under the terms of the plan, his claim undoubtedly relates to the employee welfare plan. Therefore, any claim he may have with regard to benefits due him under the plan is governed by Section 1132 of ERISA. Accordingly, we grant summary judgment in favor of the defendants on the issue of ERISA preemption of Hollister's state law claim and dismiss the complaint for failing to state a claim upon which relief can be granted.

Hollister has also moved to remand this case back to state court on the ground that, even if his claim must be brought under ERISA, removal of the action was not proper because state courts have concurrent jurisdiction with the federal courts over such claims. Hollister fails to explain, however, how the fact of concurrent jurisdiction bears upon the propriety of defendant's right to remove a federal cause of action to federal court. Because suits subject to complete preemption by ERISA (as this one is) are removable to federal court, we deny the motion to remand. *Lister v. Stark*, 890 F.2d 941, 943–44 (7th Cir.1989); *Chilton v. Savannah Foods & Industries*, 814 F.2d 620 (11th Cir.1987).[1]

## CONCLUSION

We grant summary judgment in favor of the defendants on the issue of ERISA preemption and, accordingly, dismiss Hollister's complaint for failure to state a cause of action. We further deny Hollister's motion to remand. It is so ordered.

---

1. Hollister alternatively suggests that removal was improper because his claims are not preempted by ERISA, a matter we have already decided.