MARGARET A. FREEMAN, PARENT OF MINOR CHILD MARK FREEMAN v. BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, A NORTH CAROLINA CORPORATION

No. COA95-1203

(Filed 16 July 1996)

**1. Retirement § 22 (NCI4th)— insurance contract not in record—applicability of ERISA undeterminable—dismissal error**

Where the contract of insurance was not part of the record and there were no allegations asserting who paid the insurance

premiums, it was impossible to determine from the pleadings whether the contract qualified under ERISA; therefore, it was error for the trial court to dismiss the complaint on the basis that plaintiff's claims are preempted by ERISA.

**Am Jur 2d, Pensions and Retirement Funds §§ 1-98.**

**Right of pension plan, as entity, to bring civil enforcement action under sec. 502 of Employee Retirement Income Security Act of 1974 (29 USCS sec. 1132). 67 ALR Fed. 947.**

**2. Retirement § 22 (NCI4th)— ERISA claim—specificity required in complaint**

Assuming the employer's group insurance benefits policy was governed by ERISA, plaintiff employee's claim against the insurance company administering the policy for failure to pay her son's medical expenses was not required to be dismissed because plaintiff failed to allege that defendant did not have the discretion to deny the claim for benefits or that defendant abused its discretion in denying the claim, since the complaint needed only to give fair notice that plaintiff was a participant in the plan seeking to recover benefits under the plan.

**Am Jur 2d, Pensions and Retirement Funds §§ 1-98.**

**3. Parties § 12 (NCI4th)— injured minor as real party in interest—dismissal not required—substitution of parties permitted**

In an action to recover medical expenses incurred by plaintiff's son, the child is the real party in interest, and the claim must be asserted by a general or testamentary guardian or by a guardian ad litem; however, failure to appoint a guardian of any type for the child does not require dismissal of the action, since, on remand, the real party in interest must be given a reasonable opportunity to be substituted as a party plaintiff.

**Am Jur 2d, Parties §§ 34 et seq.**

**4. Retirement § 22 (NCI4th)— ERISA action—extracontractual damages unavailable**

Extracontractual damages for pain and suffering and emotional distress and punitive damages are not remedies within the scope of ERISA.

**Am Jur 2d, Pensions and Retirement Funds §§ 1-98, 1230, 1231.**

**Right of pension plan, as entity, to bring civil enforcement action under sec. 502 of Employee Retirement Income Security Act of 1974 (29 USCS sec. 1132). 67 ALR Fed. 947.**

Appeal by plaintiff from order entered 15 August 1995 in Gaston County Superior Court by Judge Robert Burroughs. Heard in the Court of Appeals 6 June 1996.

*Margaret A. Freeman for plaintiff-appellant, pro se.*

*Cansler, Lockhart, Campbell, Evans, Bryant & Garlitz, P.A., by George K. Evans, Jr. and Thomas D. Garlitz, for defendant-appellee.*

GREENE, Judge.

Margaret A. Freeman (plaintiff) appeals an Order dismissing plaintiff's claims against Blue Cross and Blue Shield of North Carolina (defendant) for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

For purposes of ruling on a motion to dismiss pursuant to Rule 12(b)(6) the allegations contained in plaintiff's complaint and amended complaint are taken as true. *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987).

Plaintiff alleges that her minor son sustained injuries to his person which required emergency treatment and medical services at a cost of $39,779.28. Such medical services "were covered under a group insurance benefits policy for employees of Carolina Beauty Systems," where plaintiff works. The insurance policy is through defendant, and defendant failed to pay for plaintiff's son's medical treatment despite repeated requests by plaintiff. As a result of defendant's failure to pay, plaintiff alleges that she has "suffered a mental strain and a heart condition and has been accused by the Carolina Beauty Systems of wrongdoing in order to cause her a job separation." Plaintiff requested compensatory damages in the amount of $39,779.28, punitive damages of $100,000.00 and a jury trial.

Defendant moved to dismiss plaintiff's claims pursuant to Rule 12(b)(6) on the basis that the plaintiff's claims "are pre-empted by the Employee Retirement Income Security Act of 1974 [ERISA]." The trial court granted defendant's motion "because the claims asserted by plaintiff are preempted by . . . [ERISA], 29 U.S.C. § 1001, *et seq*."

The dispositive issue is whether the contract of insurance referred to in the complaint is governed by ERISA.

[1] To determine the appropriateness of the dismissal of the complaint on the basis that the plaintiff's claims are preempted by ERISA first requires a determination of whether the " 'contract of insurance' referred to in [plaintiff's] complaint is governed by ERISA." *Hemphill v. Unisys Corp.*, 855 F. Supp. 1225, 1230 (D. Utah 1994). ERISA governs employee welfare benefit plans. To qualify under ERISA the plan must have three components: "(1) a contractual arrangement between the employer and the insurance company for the provision of insurance to the employer's employees; (2) an eligibility requirement of being an employee . . . ; (3) the employer's contribution of some [or] all of the insurance premiums on behalf of its employees." *Id.* at 1230-31 (quoting *Hollister v. Molander*, 744 F. Supp. 846, 847 (N.D. Ill. 1990)); *see also* 29 U.S.C.A. § 1002(1) (1985) (defining employee welfare benefit plan).

In this case the "contract of insurance" is not part of the record and there are no allegations asserting who paid the insurance premiums. It is thus impossible to determine from the pleadings whether the contract qualifies under ERISA and it was error for the trial court to dismiss the complaint on the basis that the plan did qualify under ERISA.

[2] The defendant argues that the order of dismissal must be sustained for a reason not given by the trial court, namely that the plaintiff has not alleged that the defendant "did not have the discretion to deny the claim for benefits or that [it] abused its discretion in denying the claim." We disagree. Assuming the plan to be governed by ERISA, the complaint need only give fair notice that the plaintiff is a participant in the plan seeking to recover benefits under the plan. *Hemphill*, 855 F. Supp. at 1233. It is true that the court's standard of review of the administrator's decision to grant or deny benefits is governed by the discretion, if any, given to the administrator to determine benefits eligibility. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 103 L. Ed. 2d 80, 95 (1989). "If sufficient discretion is granted to the fiduciary by the relevant plan language, the fiduciary's

IN RE ESTATE OF MORRIS

[123 N.C. App. 264 (1996)]

interpretation of the plan will be upheld if it is reasonable." Martin Wald & David E. Kenty, *ERISA: A Comprehensive Guide* § 7.12, at 230 (1991) (hereinafter *A Comprehensive Guide*). Otherwise, a decision denying an employee benefits under a plan must be reviewed under a *de novo* standard. *Hemphill*, 855 F. Supp. at 1235.

[3] The defendant finally argues that the dismissal should be affirmed on the grounds that the plaintiff has no standing to file the complaint, as the claim for benefits belongs to the plaintiff's minor son. We agree that the child is the real party in interest and that the claim must be asserted by a general or testamentary guardian or by guardian ad litem, N.C.G.S. § 1A-1, Rule 17(b) (1990), and that the record does not reveal that a guardian of any type has been appointed for the child. It does not follow, however, that the action must be dismissed. On remand the real party in interest must be given a reasonable opportunity to be substituted as a party plaintiff. N.C.G.S. § 1A-1, Rule 17(a) (1990).

[4] The viability of the plaintiff's claim for emotional distress and punitive damages depends on whether the plan is governed by ERISA. Extracontractual damages, i.e., damages for pain and suffering or emotional distress, and punitive damages are not remedies within the scope of ERISA. *A Comprehensive Guide* § 7.16, at 233.

Reversed and remanded.

Judges MARTIN, John C., and WALKER concur.