JAMES ALLAN MIDDLETON, JR. AND JULIE T. MIDDLETON, PLAINTIFFS v. THE RUSSELL GROUP, LTD. (FORMERLY ADS, INC.), BROOKE LICENSING AND LIFE INSURANCE COMPANY OF GEORGIA, DEFENDANTS

No. COA98-757

(Filed 6 April 1999)

### 1. Appeal and Error— mandate—allocation of damages on remand—authority of trial court

The trial court followed the Court of Appeals mandate in the previous opinion of this case, 126 N.C.App 1, by entering a judgment that the Life Insurance Company of Georgia (LOG) was to pay the entire amount of damages to plaintiffs and then be reimbursed by the two other defendants (Russell and Brook). A trial court does not have the authority to modify parts of its own order which are affirmed by an appellate court and cannot go beyond the mandate of the reviewing appellate court; in this case, the trial court was specifically instructed to enter a judgment which reflected the contractual agreement for allocation of damages and that is what the court did. It did not go beyond its authority.

### 2. Appeal and Error— mandate—prejudgment interest—no specific instructions

The trial court did not err on remand by taxing prejudgment interest in an action arising from failure to pay insurance benefits where there was no specific instruction to reallocate prejudgment interest and the trial court was correct in reallocating it in accordance with the contract between the parties. The case was remanded for a judgment of damages reflecting the allocation contractually agreed upon by the parties and prejudgment interest is a part of the damages.

Appeal by Life Insurance Company of Georgia from order and judgment entered 2 February 1998 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 23 February 1999.

**MIDDLETON v. RUSSELL GRP., LTD.**

[132 N.C. App. 792 (1999)]

*Floyd and Jacobs, L.L.P., by Robert V. Shaver, Jr., for The Russell Group and Brooke Licensing, defendant-appellees.*

*Frazier, Frazier & Mahler, L.L.P., by Torin L. Fury, for Life Insurance Company of Georgia, defendant-appellant.*

*Smith, James, Rowlett & Cohen, L.L.P. by J. David James for plaintiff-appellees.*

HORTON, Judge.

This Court has previously published an opinion in this case at 126 N.C. App. 1, 483 S.E.2d 727, *disc. review denied,* 346 N.C. 548, 488 S.E.2d 805 (1997), and dealt with a variety of issues which are not a part of this appeal. As a result, we need not state the facts in great detail and only focus on those which are relevant in this appeal. In 1993 James Allan Middleton, Jr., and Julie T. Middleton (plaintiffs), filed a complaint against The Russell Group (Russell), Brooke Licensing (Brooke), and Life Insurance Company Of Georgia (LOG), (collectively defendants), asserting claims for breach of contractual duty to pay medical insurance benefits for medical expenses, breach of an employment contract to pay for the premiums for health insurance benefits, failure to provide benefits under ERISA, a claim for injunctive relief to provide COBRA benefits, breach of fiduciary duty, misrepresentation, emotional distress, and unfair and deceptive trade practices.

Before the trial began, the trial court granted defendants' motion for summary judgment on all the common law claims except negligent misrepresentation. At the close of all the evidence, the trial court directed a verdict for LOG as to the claim for negligent misrepresentation. After the jury trial, the trial court held defendants jointly and severally liable for the sum of $351,906.28, plus post-judgment interest at the legal rate from the date of the judgment, along with costs in the amount of $6,125.27. Russell and Brooke were found responsible for $78,563.41 in attorneys' fees and LOG was responsible for $19,640.85 in attorneys' fees. All of the pre-judgment interest was taxed to Russell and Brooke.

All of the parties appealed various portions of the trial court's order and judgment to this Court, and we affirmed in part and reversed and remanded in part. On remand, we instructed the trial court to: "(1) reduce defendants' liability for plaintiffs' medical bills by the amount of any co-payment, deductibles or premiums; (2)

determine whether the evidence supports the making of findings to support an enhancement of attorneys' fees based on exceptional performance; (3) determine whether LOG may be entitled to any further recovery from ADS/Russell and Brooke Licensing on its cross-claim; and (4) enter a judgment for damages which reflects the allocation contractually agreed upon by the defendants." *Middleton*, 126 N.C. App. at 30, 483 S.E.2d at 743-44.

On 2 February 1998, the trial court entered a revised order and judgment and held, among other things, that LOG was to pay all of plaintiffs' medical bills and then be reimbursed by Russell and Brooke. It further taxed all of the pre-judgment interest to LOG and ordered Russell and Brooke to reimburse LOG for the pre-judgment interest on their share of the medical expenses. LOG appeals from this revised order and judgment.

On appeal, LOG contends that the trial court erred by (I) requiring LOG to pay all of the medical bills to plaintiffs and be reimbursed for $85,000.00 by Russell and Brooke, and (II) taxing all of the pre-judgment interest to LOG because this Court had affirmed that portion of the trial court's first order where it had taxed the pre-judgment interest to Russell and Brooke.

I

[1] LOG argues that the trial court ignored this Court's instructions on remand when it entered a judgment that LOG was to pay the entire amount of the damages to plaintiffs and then be reimbursed by Russell and Brooke. LOG contends that this Court instructed the trial court to require LOG to pay $266,090.28 and Russell and Brooke to pay $85,000.00. We disagree.

LOG correctly argues that a trial court does not have authority to modify parts of its own order which are affirmed by an appellate court and cannot go beyond the mandate of the reviewing appellate court. *See Lea Co. v. N.C. Board of Transportation*, 323 N.C. 697, 699-700, 374 S.E.2d 866, 868 (1989). In this case, the trial court did not go beyond its authority when it required LOG to pay the entire amount of the damages and be reimbursed by the other defendants. Our instructions were as follows:

> In the instant case, the defendants had contractually allocated the insurance risk among themselves. Thus, the trial court had no basis for imposing joint and several liability for the full amount of the unpaid claims. Accordingly, we reverse the trial

court's decision to impose joint and several liability and remand the issue with instructions to enter a judgment for damages reflecting the allocation contractually agreed upon by the parties.

*Middleton*, 126 N.C. App. at 24, 483 S.E.2d at 740.

It is clear that we specifically instructed the trial court to enter a judgment which reflected the contractual agreement for allocation of damages and that is what the trial court did. The findings of fact of the trial court state, in part, the following:

3. ADS/Russell provided a group health plan (hereinafter "the Plan") for its employees through a policy of health insurance issued by defendant LOG to defendant Brooke. Brooke was the Plan Administrator. Three separate companies participated in the Plan, one of which was ADS/Russell. The policy of insurance was admitted into evidence . . . .

4. The insurance plan between Brooke and LOG was partially self-funded. The insurance policy and a Minimum Premium Agreement between Brooke and LOG, admitted at trial as Plaintiffs' Exhibit 23, governed the relationship between Brooke and LOG. . . . LOG paid covered expenses, either by paying the health care provider or reimbursing the insured patient. LOG was then reimbursed, up to certain limits, by directly drafting the Medical Bank Account.

. . . .

6. The minimum premium agreement entitled LOG to reimbursement for amounts paid up to $35,000 per insured for the plan year November 1, 1991 until October 31, 1992. For the plan year November 1, 1992 until October 31, 1993, the minimum premium agreement entitled LOG to reimbursement by Brooke up to $50,000 per insured. Beyond these amounts, LOG was not reimbursed by ADS/Russell or Brooke and was itself responsible for payment of bills in excess of those amounts. . . .

. . . .

18. . . . Under the Plan, LOG would have paid the entire amount and then would have been reimbursed by Brooke from the Medical Bank Account for $35,000 for the plan year ending October 30, 1992 and $50,000 for the plan year ending October 31, 1993.

(Footnotes omitted.)

MIDDLETON v. RUSSELL GRP., LTD.

[132 N.C. App. 792 (1999)]

The contractual agreement required LOG to pay the entire amount of the covered expenses and then be reimbursed up to $50,000.00 by Brooke. Therefore, it argues, the trial court was correct in ordering LOG to pay the entire amount of damages and then be reimbursed because that is how defendants contractually agreed to allocate expenses.

II

[2] LOG also contends that the trial court erred in taxing all of the pre-judgment interest to it because this Court did not remand the pre-judgment issue to the trial court for further consideration. Therefore, the modifications made by the trial court in taxing the entire pre-judgment interest to LOG were beyond its scope of authority. We disagree.

In remanding the case, we specifically instructed the trial court, as discussed above, "to enter a judgment for damages reflecting the allocation contractually agreed upon by the parties." Although there was no specific instruction to reallocate the pre-judgment interest, the trial court was correct in reallocating it in accordance with the contract. Pre-judgment interest is necessarily included in damages because it is "an element of complete compensation." *West Virginia v. U.S.*, 479 U.S. 305, 310, 93 L. Ed. 2d 639, 646 (1987). Indeed, pre-judgment interest is presumed to be an element of damages compensation in ERISA cases because of the time value of money. *See Lorenzen v. Emp. Ret. Plan of Sperry & Hutchinson*, 896 F.2d 228, 236 (7th Cir. 1990); *Lutheran Med. Ctr. v. Contractors Health Plan*, 25 F.3d 616, 623 (8th Cir. 1994). *See also, Baxley v. Nationwide Mutual Ins. Co.* 334 N.C. 1, 8, 430 S.E.2d 895, 900 (1993) ("interest paid to compensate a plaintiff for loss-of-use of the money during the pendency of a lawsuit is an element of that plaintiff's damages").

In this case, the trial court, on remand, found that:

27. . . . The Court has reviewed this decision in light of the contractual nature of the dispute as made clear by the Court of Appeals and in light of the facts that LOG has had the use of the money it did not spend to pay for Mrs. Middleton's medical bills and LOG joined ADS/Russell in contending there was no coverage and even asserted additional defenses to coverage. Moreover, it does not make sense to require ADS/Brooke to pay interest when the obligation to pay belongs to, and the judgment is being entered against, LOG for the amount of the covered medical bills. The Court therefore finds that LOG should pay this interest to the

plaintiffs. . . . ADS/Russell and Brooke shall be responsible for paying interest to LOG on the $85,000 . . . .

LOG had agreed in the contract to pay medical expenses and be reimbursed by Russell and Brooke and because the pre-judgment interest is a part of the damages, it necessarily follows that the trial court correctly reallocated the pre-judgment interest to LOG. Russell and Brooke, of course, must then reimburse LOG the pre-judgment interest on the $85,000.00 as stated by the order.

Affirmed.

Judges GREENE and LEWIS concur.