BRIAN VOELSKE, JOHN VOELSKE AND JUDY VOELSKE, PLAINTIFFS v. MID-SOUTH INSURANCE COMPANY, DEFENDANT

No. COA02-188

(Filed 17 December 2002)

**Pensions and Retirement— employee health insurance plan— applicability of ERISA—preemption of state claims**

An insurer' agreement with a business owner to provide health care insurance to employees who elected coverage was an "employee welfare benefit plan" governed by ERISA, and ERISA preempted claims against the insurer for unfair claims handling under N.C.G.S. § 58-63-15, where the owner paid the premiums for employees who elected coverage under the plan. Furthermore, the business owner was a participant in the plan where he was also an employee of the business and was listed on the certificate of insurance as an employee.

Appeal by plaintiffs from an order granting summary judgment entered 13 April 2000 by Judge Richard L. Doughton in Iredell County Superior Court. Heard in the Court of Appeals 17 October 2002.

*Jerry M. Smith for plaintiffs-appellants.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Melissa R. Garrell, for defendant-appellee.*

WALKER, Judge.

Plaintiff John Voelske (Mr. Voelske) is the majority owner and president of his family business, Voelske Foreign Car Service, Inc. On 17 November 1994, Mr. Voelske executed a Health Care Plan Participation Agreement (the subject plan) with defendant Mid-South Insurance Company (defendant). The subject plan provided health care insurance to eligible employees and their dependents who elected coverage. An insurance certificate summarizing the subject plan listed Voelske Foreign Car Service as the employer, Mr. Voelske

as the employee, and Mr. Voelske's wife, Judy Voelske (Mrs. Voelske), as the beneficiary. The certificate did not mention any other employees or persons eligible for the plan.

In his deposition, Mr. Voelske stated that he originally applied for a plan with defendant because his family needed health insurance coverage and that defendant suggested he sign up for the subject plan since his employees also could be included in the coverage. Mr. Voelske further stated that Voelske Foreign Car Service had three employees at the time the subject plan became effective, namely his son Michael Voelske (Michael), Randall Perry and Jane Johnson. All three of these persons had health insurance with another company prior to his obtaining the subject plan. Mr. Voelske also stated that these employees could elect coverage under the subject plan and Voelske Foreign Car Service paid the premiums in full for the eligible employees who elected coverage.

In her affidavit, Mrs. Voelske stated that she was "responsible for maintaining employment and other business records for Voelske Foreign Car Service" and that the business had only two employees when they applied for the subject plan, namely Mr. Voelske and their son Michael, who then lived with his parents.

Brian Voelske (Brian), Mr. and Mrs. Voelske's minor son who lived in his parents' home, suffered a severe brain injury in February 1994 requiring significant medical care. Although Brian was covered under the subject plan, plaintiffs alleged that defendant failed to make payment on claims filed on Brian's behalf.

On 2 June 1998, plaintiffs sued defendant for unfair insurance claims handling under N.C. Gen. Stat. § 58-63-15 (2001), unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1 (2001), fraud and breach of contract. Defendant moved to dismiss plaintiffs' claims under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2001) for failure to state a claim upon which relief may be granted, and the trial court denied the motion. Following discovery, defendant moved for summary judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 56 (2001) on the grounds that the pleadings and evidence demonstrated that there were no genuine issues of material fact. Therefore, defendant was entitled to judgment as a matter of law on the issue of the applicability of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.* (2002), to the subject plan and ERISA's preemption of plaintiffs' claims. The trial court granted defendant's summary

judgment motion on the issue of applicability of ERISA and dismissed plaintiffs' claims.

In their sole assignment of error, plaintiffs contend the trial court erred in granting defendant's summary judgment motion on plaintiffs' claims. Plaintiffs argue that there are genuine issues of material fact regarding whether the subject plan is governed by ERISA and whether Mr. Voelske is an employee "participant" under the ERISA definition.

We first note that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). The moving party bears the burden of demonstrating the lack of triable issues of fact. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). Once the movant satisfies its burden of proof, the burden then shifts to the non-movant to present specific facts showing triable issues of material fact. *Lowe v. Bradford*, 305 N.C. 366, 369-70, 289 S.E.2d 363, 366 (1982). On appeal from summary judgment, "[w]e review the record in the light most favorable to the non-moving party." *Bradley v. Hidden Valley Transp., Inc.*, 148 N.C. App. 163, 165, 557 S.E.2d 610, 612 (2001) (*citing Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975)), *aff'd*, 355 N.C. 485, 562 S.E.2d 422 (2002).

For plaintiffs' claims to be preempted by ERISA, the subject plan must meet the definition of an "employee welfare benefit plan" set forth in 29 U.S.C. § 1002:

> [A]ny plan, fund, or program which was . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, . . . .

29 U.S.C. § 1002(1). ERISA preempts all state law claims that "relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a).

This Court has outlined the requirements for a health insurance plan to qualify as an employee benefit plan under ERISA: " '(1) a con-

tractual arrangement between the employer and the insurance company for the provision of insurance to the employer's employees; (2) an eligibility requirement of being an employee . . .; (3) the employer's contribution of some [or] all of the insurance premiums on behalf of its employees.' " *Freeman v. Blue Cross and Blue Shield of North Carolina*, 123 N.C. App. 260, 263, 472 S.E.2d 595, 597 (citation omitted), *disc. rev. denied*, 344 N.C. 630, 477 S.E.2d 39 (1996).

Here, there is undisputed evidence that an agreement was reached between Voelske Foreign Car Service and defendant to provide insurance for the employees of Voelske Foreign Car Service if the employees elect such coverage. In her affidavit, Mrs. Voelske admitted that Voelske Foreign Car Service had two employees at the time the business obtained the subject plan. Also, Mr. Voelske stated in his deposition that he had three employees, in addition to himself, who could elect coverage under the subject plan. Further, it is undisputed that Voelske Foreign Car Service, noted as the "employer" on the certificate of insurance, paid in full the premiums for the employees electing coverage under the subject plan. Thus, under this Court's analysis in *Freeman*, the subject plan is an employee benefit plan governed by ERISA.

Plaintiffs argue that because no employee of Voelske Foreign Car Service satisfies the ERISA definition of a "participant," the subject plan is not governed by ERISA. ERISA defines "participant" as "any employee or former employee of an employer, . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

To support their contention that Mr. Voelske is not an employee of Voelske Foreign Car Service and, therefore, is not a plan participant, plaintiffs rely in part on the following United States Department of Labor regulation: "[a]n individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse." 29 C.F.R. § 2510.3-3(c)(1) (2002). The Fourth Circuit Court of Appeals has held that although this regulation clarifies whether a plan is covered by ERISA, it "does not govern the issue of whether someone is a 'participant' in an ERISA plan, once the existence of that plan has been established." *Madonia v. Blue Cross & Blue Shield of Virginia*, 11 F.3d 444, 449-50 (4th Cir. 1993), *cert. denied*,

511 U.S. 1019, 128 L. Ed. 2d 74 (1994). Further, the *Madonia* Court held that "a sole shareholder employed by the corporation and insured under the health policy provided by the corporation is a 'participant' in the company's ERISA plan." *Id.* at 445.

Because it has been established that the subject plan meets the definition of an employee benefit plan under ERISA, the Department of Labor regulation is inapplicable to a determination of whether Mr. Voelske is a participant in the subject plan, even though he is the majority owner of the business. We find instructive the *Madonia* Court's decision holding that a business owner, who is also employed by that business, is an employee for purposes of the definition of "participant" under ERISA. Moreover, the certificate of insurance here lists Mr. Voelske as an employee for purposes of the subject plan. Therefore, Mr. Voelske is an employee and a "participant" under the ERISA definition.

Plaintiffs also contend that Michael Voelske was not eligible to participate in the subject plan as an employee. They point to the certificate of insurance definitions which limit employee eligibility to those full-time employees who regularly work at least 30 hours each week. (R18) Both Mr. Voelske's deposition and Mrs. Voelske's affidavit state that Michael was an employee of Voelske Foreign Car Service, and Mr. Voelske, in his deposition, indicated that Michael was included in the subject plan. There is no evidence in the record that Michael worked less than 30 hours per week or that he was not a full-time employee. Therefore, defendant satisfied its burden, and the burden of demonstrating a triable issue of fact on the question of Michael's eligibility as an employee participant under the subject plan shifted to plaintiffs, who failed to produce evidence necessary to defeat summary judgment in favor of defendant.

Plaintiffs finally contend that their claim for unfair insurance claims handling practices should not be preempted by ERISA due to the "savings clause," which provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, . . . ." 29 U.S.C. § 1144(b)(2)(A). This Court recently held that a claim under N.C. Gen. Stat. § 58-63-15 for unfair claims handling practices is not protected by the ERISA savings clause, even though the statute was enacted to regulate the insurance industry. *Middleton v. Russell Group Ltd.*, 126 N.C. App. 1, 483 S.E.2d 727, *disc. rev. denied*, 346 N.C. 548, 488 S.E.2d 805 (1997), *appeal after remand on other grounds*, 132 N.C. App. 792, 514 S.E.2d 94 (1999). In holding that the state statutory claim was pre-

empted, this Court reasoned "the law is well-settled that a state cause of action for improper claim processing or administration filed against an insurer does 'not bear upon the "business of insurance" within contemplation of ERISA's insurance savings clause and thus is not saved from pre-emption by ERISA.' " *Id.* at 28, 483 S.E.2d at 743. Therefore, in accordance with the ERISA preemption provision and this Court's decision in *Middleton*, plaintiffs' claim under N.C. Gen. Stat. § 58-63-15 for unfair insurance claims handling is preempted by ERISA.

We conclude that defendant satisfied its burden of demonstrating the lack of issues of fact. Further, we conclude that plaintiffs failed to come forward with evidence that the subject plan was not governed by ERISA. Thus, we hold that the trial court properly granted defendant's summary judgment motion.

Affirmed.

Judges McCULLOUGH and CAMPBELL concur.