■ In the Matter of the Arbitration between LEVIN-TOWNSEND COMPUTER CORPORATION, Appellant, and LAWRENCE M. HOLLAND, Respondent.— Order entered November 6, 1967, herein appealed from unanimously affirmed, without costs or disbursements to either party. In January, 1966 Levin-Townsend Computer Corporation (LTCC) purchased all of the stock of two corporations, Computer Programmers & Analysts, Inc. (CP&A) and Commercial Processing & Automation, Inc. (COMM) from six individual stockholders including respondent. The purchase was made pursuant to a purchase agreement dated January 21, 1966. That agreement required that each of the selling stockholders enter into an employment contract with CP&A and COMM, whereby respondent, *inter alia*, agreed to remain in the employ of CP&A and COMM for a period of five years from January 21, 1966. The purchase agreement did not contain an arbitration provision, but the employment agreement did contain such a provision. Differences arose between Holland, the respondent, and CP&A and COMM and Holland terminated his employment with such corporations. Holland served a notice of intention to arbitrate his differences with CP&A and COMM upon the two corporations and LTCC as well. LTCC sought to stay arbitration and vacate the notice which application was denied, and an action by LTCC against Holland seeking damages for breach of the purchase agreement and an injunction was stayed pending arbitration. An appeal taken by LTCC from such order was not perfected. Some 8 or 10 months later Holland served a demand for arbitration upon LTCC and its wholly owned subsidiaries. The motion of LTCC to vacate such demand was denied. We now affirm the order entered thereon from which this appeal is taken. In doing so we do not now hold that LTCC is or may be bound by the result of the arbitration. Claimant urges that LTCC in its separate action is seeking to enforce a right created by or arising from the employment contract. LTCC disputes this and asserts its claims in such action are based solely on the Purchase Agreement. The agreements are not before us, nor are the pleadings in the separate action commenced by LTCC. We cannot therefore determine the validity or correctness of either position. Arbitration is a contractual relationship. Unless LTCC is a party to an agreement to arbitrate, or unless by its actions or course of conduct it embraces or adopts such agreement, or seeks to benefit directly by provisions of such agreement, it, of course, is not bound by the result in arbitration proceedings between Holland and LTCC's wholly owned subsidiaries. We cannot on the state of this record reach a definitive conclusion as to what eventually may

be LTCC's rights or obligations. Concur — Botein, P. J., Stevens, Eager, McGivern and Rabin, JJ.