Bernard P. McCaffrey, J.
Motion for an order pursuant to CPLR 7510 confirming the award of1 the arbitrators, and directing that judgment be entered thereon, pursuant to CPLR 7514 (subd. [a]), is granted.
The arbitration award in question was the result of a hearing pursuant to an arbitration agreement to which petitioner and respondent insurance companies aré parties. The matter being arbitrated was that of a property damage claim allegedly sustained to the automobile of Dorothy C. Johnson, to which *411 the respondent Maryland Casualty Company became subrogated. The petitioner Hartford Accident & Indemnity Co. upon the demand of the respondent arbitrated the claim and a decision was rendered on April 12, 1973 in favor of the petitioner. A copy of said decision is now before the court upon petitioner’s motion to confirm. According to said decision there were no witnesses at the hearing and the respondent “failed to sustain burden of proof.”
The respondent’s insured Dorothy C. Johnson in he¿ attorney’s affidavit in opposition to the confirmation of the award of the arbitrators contends that the confirmation of the award might be deemed to be res judicata against her in the action she instituted for property damage and personal injuries sustained in the accident with petitioner’s insured, presently pending in the District Court of Nassau County. For this reason she requests the motion be denied.
The main issue is a question of whether Dorothy C. Johnson would be prejudiced by the confirmation of the award, because she could be bound by the determination of the arbitrators here, such that her action in the District Court would be decided against her on the basis of1 res judicata. It is the opinion of the court that her action could not be so defeated. There is no question that a determination reached in an arbitration hearing, confirmed with judgment entered “ is regarded in all respects as a judgment in an action and is subject to all the provisions of law relating to such a judgment.” (Matter of Arcadu v. Levinson, 250 N. Y. 355, 356.) Therefore, “ a judgment entered upon such an award is res judicata of all matters reasonably comprehended in the dispute submitted to the arbitrators.” (Matter of Springs Cotton Mills [Buster Boy Suit Co.], 275 App. Div. 196, 199.)
In the case of Teper v. Rackman (264 App. Div. 981, 982) the Appellate Division for the Third Department held that the plaintiff in an automobile accident case, seeking recovery for personal injuries was not barred from recovery as against the defendants, because his insurance company, subrogated to his rights when he recovered for his property damage on his collision insurance, brought an action against the defendants to recover the damages which it sustained as a result of damage to plaintiff’s car and that action resulted in a verdict of no cause of action. The court stated (p. 982) that: “the plaintiff in this action was not a party to the prior action. He had no opportunity to litigate in that action the questions involved in the present action.”
*412 In the Second Department there is a more recent case, Kisielewicz v. Mullins (28 A D 2d 680) which distinguished the above-mentioned case on the basis that in the prior case: “ only the insurance carrier’s subrogation claim was litigated. In. the instant action the prior suit included also a claim for plaintiff’s damage not reimbursed by the insurance carrier because of the deductible damage clause. Thus, plaintiff was a real party in interest in the previous action.”
It is the court’s opinion that the Kisielewicz case is distinguishable on the factual basis that Dorothy Johnson, though she had an interest in the arbitration due to the deductible clause in her insurance policy, did not have the opportunity to appear at -the arbitration hearing to give testimony. While in the Kisielewicz v. Mullins case (supra) the plaintiff appeared and gave testimony at the prior trial. In fact according to the uncontroverted facts as they appear in the moving papers and the affirmation in opposition, Dorothy Johnson was not a party to the agreement to arbitrate between the two insurance companies. She never received notification of the arbitration hearing, nor was she present at the time of the arbitration hearing. Also, notice of the intention to arbitrate was never served upon her or her attorney. And, since “ arbitration is a contractual relationship ” and unless Dorothy Johnson is a party to an agreement to arbitrate or “ unless by [her] actions or course of conduct [she] embraces or adopts such agreement, oi; seeks to benefit directly by provisions of such agreement, [she], of course, is not bound by the result in arbitration proceedings ”. (Matter of Levin-Townsend Computer Corp. [Holland], 29 A D 2d 925.) As Chief Judge Cabdozo stated in the Matter of Finsilver, Still & Moss v. Goldberg, Mass & Co. (253 N. Y. 382, 391-392): “ In the absence of a contract expressing a consent to arbitrate, an award by an arbitrator is an act of usurpation. * * * As an act of usurpation, it is subject to be challenged whenever and wherever it is put forward by the usurper as a source of rights and duties.” (Glasser v. Price, 35 A D 2d 98, 101.)
Thus, the court holds that the award in the arbitration is binding as for the two signatories to the agreement, but not as against the nonsignatory Dorothy Johnson. Furthermore, it is the opinion of the court that since she is not bound by the arbitration award, the judgment relating to the subrogated property damage claim shall not be binding as res judicata against her personal injury action now pending in-the District Court.