MILLER BUILDING CORPORATION, Plaintiff v. NBBJ NORTH CAROLINA, INC., and WILLIAM C. JOHNSON, Defendants

No. COA97-538

(Filed 17 March 1998)

**Judgments § 271 (NCI4th)— parking deck construction— claims barred by collateral estoppel—estoppel by record discouraged**

The trial court correctly determined in an action arising from the construction of a parking deck that plaintiff's claims are barred by collateral estoppel where defendants met their burden of showing that the issues underlying the present claims were in fact identical with the issues raised in the plaintiff's previous

cross-claims. Plaintiff failed to show that it was denied an opportunity to litigate these issues in the first case and the dismissal with prejudice of those cross-claims therefore constitutes an adjudication of those issues against the plaintiff. It was not necessary to determine whether dismissal is also supported by res judicata and election of remedies; "estoppel by record," to which the trial court referred, is an antiquated phrase formerly used to refer to the principles presently encompassed within the phrases res judicata (claim preclusion) and collateral estoppel (issue preclusion). The continued use of "estoppel by record" is discouraged.

Appeal by plaintiff from order allowing judgment on the pleadings filed 15 January 1997 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 14 January 1998.

*Safran Law Offices, by Perry R. Safran and Blake Eaddy, for plaintiff appellant.*

*Everett, Gaskins, Hancock & Stevens, LLP, by E.D. Gaskins, Jr., for defendants appellees.*

GREENE, Judge.

Miller Building Corporation (plaintiff) appeals from the trial court's order allowing judgment on the pleadings for NBBJ North Carolina, Inc. and William C. Johnson (defendants) based on "estoppel by record" and election of remedies. Defendants cross-assigned error from the failure of the trial court to enter a judgment on the pleadings based on their statute of limitations defense.

The relevant facts are as follows: On 13 December 1991, the plaintiff entered into a contract with Raleigh Parking Decks Associates, Inc. (RPDAI) to construct a multi-level parking deck, maintenance and storage facility (Project) in Raleigh, North Carolina. The City of Raleigh (City) subsequently assumed some or all of RPDAI's contractual duties with the plaintiff. On 1 August 1990, the defendants contracted with RPDAI to design the Project.

During the construction of the Project, disputes arose among the various parties involved. On 22 October 1991, a subcontractor of the plaintiff, Spencer White & Prentis Corporation, filed a lawsuit against the plaintiff, the City, RPDAI, and several other parties. The present defendants were not involved or included in that suit. The plaintiff

subsequently asserted cross-claims against RPDAI and the City and asserted the following causes of action: (1) breach of contract; (2) breach of warranty; (3) request for additional time to complete work; and (4) unfair and deceptive trade practice. In support of these claims, the plaintiff alleged, *inter alia*, that the defendants were representatives of RPDAI and as such "failed to fulfill [their] contractual requirement . . . ," and further that they had "no prior experience with the design or construction of parking decks" and that as a result of this lack of experience, "numerous design errors occurred . . . ." It was further alleged that the defendants "repeatedly failed to timely respond to [the plaintiff's] requests for information . . . and refused to execute change orders which allowed [the plaintiff] to preserve its rights . . . ." Finally, it was alleged that the "plans and specifications and the Sub-Surface Report . . . were in error . . . ."

On 19 January 1996, the plaintiff filed a Stipulation of Dismissal with Prejudice as to all of its claims against RPDAI and the City. In May of 1996 the plaintiff filed this action against the defendants and alleged malpractice; negligent misrepresentation; breach of contract under a third-party beneficiary theory; tortious interference with contract; and breach of implied warranty. In support of these claims the plaintiff alleges that it relied on the defendants in the bidding and construction of the Project (the subject of the first law suit) and that the defendants committed "numerous design errors" because of their "lack of experience." It is further alleged that the defendants "failed and refused to respond in a timely fashion" to the plaintiff's request for information and that the defendants "often required [the plaintiff] to execute change orders on forms drafted by [the defendants] which forced [the plaintiff] to waive certain rights."

---

The dispositive issue is whether collateral estoppel bars the plaintiff from proceeding with this suit.

The trial court indicates in its order that the dismissal is based on "estoppel by record." "Estoppel by record" is an antiquated phrase formerly broadly used to refer to the principles presently encompassed within the phrases res judicata (claim preclusion) and collateral estoppel (issue preclusion).[1] *See Price v. Edwards*, 178 N.C. 493,

---

1. The continued use of the phrase "estoppel by record" is discouraged. The party seeking dismissal should specify whether he seeks dismissal on the basis of res judicata or collateral estoppel. This permits the party resisting dismissal to know how to defend the motion and allows the trial court to properly analyze the evidence. Furthermore, appellate review is better served as the parties can direct their arguments to the relevant evidence and law.

501-03, 101 S.E. 33, 37-38 (1919); 46 Am. Jur. 2d *Judgments* § 517-518 (1994); Atwell C. McIntosh, *North Carolina Practice and Procedure in Civil Cases* § 657 (1929).

In North Carolina a defendant is permitted to "assert collateral estoppel as a defense against a party who has previously had a full and fair opportunity to litigate a matter [in a previous action which resulted in a final judgment on the merits] and now seeks to reopen the identical issues [actually litigated in the prior action] with a new adversary." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428 & 434, 349 S.E.2d 552, 557 & 560 (1986). It is not necessary for the defendant in the present action to have been a party to the previous action. *Id.* at 434, 349 S.E.2d at 560. In the event the defense is successfully asserted, the previous judgment constitutes an absolute bar to the subsequent action. *Id.* at 427-28, 349 S.E.2d at 556. A dismissal of a previous action "with prejudice" constitutes a final judgment on the merits. *Kabatnik v. Westminster Co.*, 63 N.C. App. 708, 712, 306 S.E.2d 513, 515 (1983). Indeed a dismissal "with prejudice" "is said to preclude subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication adverse to the plaintiff." *Barnes v. McGee*, 21 N.C. App. 287, 289, 204 S.E.2d 203, 205 (1974) In determining what issues were actually litigated or determined by the earlier judgment, the court in the second proceeding is "free to go beyond the judgment roll, and may examine the pleadings and the evidence [if any] in the prior action." 18 James W. Moore et al., *Moore's Federal Practice* § 132.03[4][i] (3d ed. 1997) [hereinafter 18 *Moore's Federal Practice*]. "If the rendering court made no express findings on issues raised by the pleadings or the evidence, the court may infer that in the prior action a determination appropriate to the judgment rendered was made as to each issue that was so raised . . . ." *Id.* The burden is on the party asserting issue preclusion to show "with clarity and certainty what was determined by the prior judgment." 18 *Moore's Federal Practice* § 132.05[1]. "It is not enough that the party introduce the decision of the prior court. Rather, the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated." *Id.* The party opposing issue preclusion has the burden "to show that there was no full and fair opportunity" to litigate the issues in the first case. *Id.*

In this case the defendants have met their burden of showing that the issues underlying the present claims were in fact identical with the issues raised in the plaintiff's previous cross-claims. The issues in

both cases are (were) whether the defendants: failed to fulfill their contractual duties; failed to supply correct plans and specifications; did not have the experience to design and construct the parking decks; did not timely respond to the plaintiff's requests for information; and failed to properly execute change orders. The plaintiff has failed to show that it was denied an opportunity to litigate these issues in the first case, and the dismissal "with prejudice" of those cross-claims therefore constitutes an adjudication of those issues against the plaintiff. The trial court thus correctly determined that this second action, the present claims, are barred by collateral estoppel.

Having so decided, it is not necessary for this Court to determine whether dismissal is also supported by res judicata and election of remedies. Furthermore, having affirmed the order of the trial court we need not reach the defendants' cross-assignment of error based on the statute of limitations.

Affirmed.

Judges JOHN and MARTIN, Mark D., concur.