RICKY JAY MURAKAMI, PLAINTIFF v. WILMINGTON STAR NEWS, INC., DEFENDANT

No. COA98-1471

(Filed 4 April 2000)

1. Arbitration— award—not reduced to judgment—finality and preclusive effect

The trial court did not err by granting summary judgment for defendant on a personal injury claim which had been subject to arbitration. Although plaintiff contended that collateral estoppel did not apply because the arbitration award did not result in a judgment, the finality and preclusive effect of an arbitration award is determined by the agreement to arbitrate; if the agreement to arbitrate states that the decision of the panel is binding on the contracting parties, the award is final and collateral estoppel will bar relitigation of the issues actually decided during the arbitration proceeding. The UIM policy which contained the arbitration terms was not included in this record on appeal, but it is presumed that the trial court acted correctly where the record is silent on a particular point.

2. Collateral Estoppel and Res Judicata— arbitration—issues litigated

Collateral estoppel barred a claim for compensatory damages arising from an automobile accident where plaintiff contended that the issue had not been fully litigated at an arbitration hearing, but the issue was necessary to the outcome of the proceeding and the language of the award indicated that the issue was raised and actually litigated.

3. Appeal and Error— preservation of issues—arbitration— no challenge at trial level

Plaintiff waived the issue of whether arbitrators in an automobile accident case were unduly influenced by the UIM policy limit where nothing in the record indicates that plaintiff took advantage of the procedure set out in N.C.G.S. § 1-567.13 or otherwise challenged the validity of the award at the trial level.

Appeal by plaintiff from judgment entered 18 May 1998 by Judge James R. Vosburgh in Superior Court, Onslow County. Heard in the Court of Appeals 4 October 1999.

*Jeffrey S. Miller for plaintiff-appellant.*

*Marshall, Williams & Gorham, L.L.P., by Ronald H. Woodruff, and Dunn, Dunn & Stoller, by David A. Stoller, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Ricky Jay Murakami ("plaintiff") appeals from an order allowing partial summary judgment for Wilmington Star News, Inc. ("defendant") on the issue of damages arising out of plaintiff's personal injury claim. For the reasons hereinafter stated, we affirm the order of the trial court.

Plaintiff was injured on 1 May 1993 in an automobile accident involving George D. Cathie, an employee of defendant. Cathie had automobile liability coverage with Integon Insurance Company ("Integon"). Cathie's bodily injury policy limit was $25,000.00, and Integon tendered the policy limit to plaintiff on 24 May 1995.

Pursuant to the provisions of plaintiff's underinsured motorist ("UIM") policy with Farm Bureau Insurance Company ("Farm Bureau"), plaintiff requested arbitration with Cathie to determine Farm Bureau's responsibility under the policy. An arbitration hearing was conducted on 1 May 1997, and plaintiff was awarded $77,500.00 for the injuries and damages he sustained as a result of the 1 May 1993 collision. The arbitration award was subject to a credit of $25,000.00 for the amount Integon previously paid plaintiff on Cathie's behalf. The arbitration award, however, was never reduced to a judgment or filed with the court. Following the arbitration, plaintiff executed a "Covenant Not to Sue" with Cathie and a "Settlement and Release Agreement" with Farm Bureau.

On 29 April 1996, plaintiff filed a personal injury action against defendant on the basis of respondeat superior. Defendant filed a motion for partial summary judgment on the issue of damages. Defendant argued that under the theory of collateral estoppel, the arbitration award barred plaintiff from further litigating the issue of compensatory damages arising out of the 1 May 1993 accident. The trial court agreed and granted the motion on 2 April 1998. From the order of partial summary judgment, plaintiff appeals.

MURAKAMI v. WILMINGTON STAR NEWS, INC.

[137 N.C. App. 357 (2000)]

Summary judgment is appropriate when the pleadings, depositions, affidavits, and other evidentiary materials demonstrate the absence of any triable issue of fact and the moving party's right to judgment as a matter of law. *Yamaha Corp. v. Parks*, 72 N.C. App. 625, 325 S.E.2d 55 (1985); N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). Collateral estoppel can serve as the basis for summary judgment. *Beckwith v. Llewellyn*, 326 N.C. 569, 573, 391 S.E.2d 189, 191, *reh'g denied*, 327 N.C. 146, 394 S.E.2d 168 (1990). "Under the doctrine of collateral estoppel, or issue preclusion, 'a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies.'" *State ex. rel Tucker v. Frinzi*, 344 N.C. 411, 414, 474 S.E.2d 127, 128 (1996) (quoting *Thomas M. McInnis & Assoc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986)). Where the doctrine is successfully asserted, the prior judgment operates as an absolute bar to further litigation of the issue previously decided. *Miller Building Corp. v. NBBJ North Carolina, Inc.*, 129 N.C. App. 97, 100, 497 S.E.2d 433, 435 (1998). "The party opposing issue preclusion has the burden 'to show that there was no full and fair opportunity' to litigate the issues in the first case." *Miller*, 129 N.C. App. at 100, 497 S.E.2d at 435 (quoting 18 *Moore's Federal Practice* § 132.05[1]).

[1] On appeal, plaintiff argues that the trial court committed reversible error by awarding summary judgment to defendant on the issue of compensatory damages. Plaintiff contends that the doctrine of collateral estoppel has no bearing on the instant case because the arbitration hearing did not result in a final judgment. Plaintiff takes the position that for purposes of issue preclusion, an arbitration award may not be treated as a judgment but, rather, the award must be confirmed by an order of the trial court before collateral estoppel will apply. We must disagree.

North Carolina public policy favors settling disputes by means of arbitration, but before a dispute can be settled in this manner, a valid agreement to arbitrate must exist. *Routh v. Snap-On Tools Corp.*, 108 N.C. App. 268, 423 S.E.2d 791 (1992). "The purpose of arbitration is to reach a final settlement of disputed matters without litigation, and it is well established that the parties, who have agreed to abide by the decision of a panel of arbitrators, will not generally be heard to attack the regularity or fairness of an award." *Thomas v. Howard*, 51 N.C. App. 350, 352, 276 S.E.2d 743, 745 (1981). Indeed, "an [arbitration] award is ordinarily presumed valid," *id.* at 353, 276 S.E.2d at 745, and

public policy strongly favors upholding such an award, *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 234, 321 S.E.2d 872, 879 (1984).

Our research has not directed us to any cases in this jurisdiction or in other jurisdictions resolving the issue of whether an arbitration award that has not been adopted by the court may serve as a final judgment for purposes of collateral estoppel. However, based on well-settled principles of contract law, we are of the opinion that the finality and preclusive effect of an arbitration award is determined by the agreement to arbitrate. To be sure, the right to submit disputes to arbitration is a contractual one, *Rodgers Builders v. McQueen*, 76 N.C. App. 16, 23, 331 S.E.2d 726, 731 (1985), and "[w]hen both parties consent to an enforceable contract each party is bound by its terms," *Midulla v. Howard A. Cain, Inc.*, 133 N.C. App. 306, 308, 515 S.E.2d 244, 246 (1999); *see also Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 423 S.E.2d 747 (1992) (recognizing that by agreeing to submit disputes to arbitration, the parties are bound by the terms of the arbitration agreement and the Uniform Arbitration Act). Therefore, we conclude that if the agreement to arbitrate states that the decision of the panel is binding on the contracting parties, the award is final, and collateral estoppel will bar relitigation of the issues actually decided during the arbitration proceeding.

In his brief, plaintiff concedes that he requested arbitration with Cathie pursuant to the terms of his UIM policy with Farm Bureau. The precise terms of the policy are not before us, however, as plaintiff has failed to include the policy in the record on appeal. As a result, we are unable to determine whether under the covenants contained in the arbitration provision, plaintiff is bound by the arbitrators' decision. Nevertheless, "[w]here the record is silent on a particular point, it is presumed that the trial court acted correctly." *Indiana Lumbermen's Mutual Ins. Co. v. Champion*, 80 N.C. App. 370, 378, 343 S.E.2d 15, 20 (1986). Accordingly, we presume that the court was correct in concluding that the arbitration award constituted a final adjudication on the merits.

**[2]** Plaintiff further argues that collateral estoppel does not apply to bar his claim for compensatory damages against defendant because the issue was not "fully and fairly litigated" in the arbitration proceeding. Again, we disagree.

The doctrine of issue preclusion is available as a defense when the following requirements are satisfied:

"(1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment."

*Beckwith,* 326 N.C. at 574, 391 S.E.2d at 191 (quoting *King v. Grindstaff,* 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973)).

The arbitration award in the instant case pertinently provides as follows regarding plaintiff's damages:

The Arbitrators unanimously find by the greater weight of the evidence that the Claimant, Ricky Murakami, has suffered <u>damages for all personal injuries proximately caused by the collision on May 1, 1993</u> in the total amount of SEVENTY SEVEN THOUSAND FIVE HUNDRED DOLLARS ($77,500.00). (Emphasis added.)

This language indicates that the issue of plaintiff's compensatory damages was raised and actually litigated in the arbitration proceeding. Furthermore, given that the purpose of the proceeding was to determine what amount Farm Bureau was obligated to pay plaintiff under the UIM policy, the amount of compensatory damages owed to plaintiff was necessary to the outcome of the arbitration proceeding. Therefore, the "identical issues" prong has been met, and plaintiff's argument to the contrary fails.

[3] As an additional matter, plaintiff argues that the arbitration award was invalid because in determining the amount of damages, the arbitrators were unduly influenced by the $100,000.00 UIM policy limit available to plaintiff. Under section 1-267.13 of the General Statutes, a party to an arbitration may seek to have the award vacated upon a showing that "[t]he award was procured by corruption, fraud or other undue means." N.C. Gen. Stat. § 1-567.13 (1999). Nothing of record indicates that plaintiff took advantage of the procedure set out in section 1-567.13 or that he otherwise challenged the validity of the award at the trial level. This issue, then, is waived, as plaintiff is not permitted to raise it for the first time on appeal. *See Laing v. Lewis,* 133 N.C. App. 172, 515 S.E.2d 40 (1999) (stating that theory not presented to trial court and first raised on appeal was not properly before appellate court). Moreover, we have carefully examined plaintiff's remaining arguments and find them to be without merit.

For the foregoing reasons, we hold that the trial court was correct in concluding that plaintiff was collaterally estopped from further litigating the issue of compensatory damages. The order of partial summary judgment is, therefore, affirmed.

AFFIRMED.

Chief Judge EAGLES and Judge MARTIN concur.