JAMES SMITH WHITLOCK, III, Plaintiff v. TRIANGLE GRADING CONTRACTORS DEVELOPMENT, INC., AND MARIO ERNESTO LINARES, Defendants

No. COA09-1557

(Filed 20 July 2010)

1. **Appeal and Error— preservation of issues—failure to include notice of appeal**

   The Court of Appeals lacked jurisdiction to review the trial court's order denying plaintiff's motion to strike an affidavit submitted by defendants on 4 May 2009 in support of their motion for summary judgment because the record on appeal did not include a notice of appeal from the court's order denying plaintiff's motion as required by N.C. R. App. P. 3. Further, there was no prejudicial error because virtually identical evidence remained in the record in the form of the 11 March 2009 affidavit.

2. **Collateral Estoppel and Res Judicata— preclusion defense—negligence—prior arbitration decision between different parties**

   The trial court erred by granting defendants' motion for summary judgment on the basis that plaintiff's present negligence action was barred by a prior arbitration decision. Defendants failed to point to any evidence suggesting that plaintiff was a party to the pertinent arbitration agreement or that he sought to benefit directly from the arbitration.

Appeal by plaintiff from orders entered 16 June 2009 and 29 July 2009 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 28 April 2010.

*James Smith Whitlock III, pro se, plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Steven M. Sartorio, for defendants-appellees.*

HUNTER, Robert C., Judge.

Plaintiff James Smith Whitlock III appeals from the trial court's orders (1) denying his motion to strike an affidavit submitted by defendants Triangle Grading Contractors Development, Inc. ("TGCD") and Mario Ernesto Linares in support of their motion for summary judgment, (2) granting defendants' motion for summary judgment, and (3) denying plaintiff's motion for a new trial. We agree with plaintiff's primary contention that the trial court erred in entering summary judgment in favor of defendants, and, consequently, we reverse the court's order.

## Facts

At approximately 8:00 a.m. on 15 August 2008, plaintiff was involved in an automobile accident with a truck owned by TGCD and driven by Mr. Linares, one of its employees. On 28 October 2008, plaintiff filed a negligence action against defendants, seeking to recover damages resulting from the 15 August 2008 accident. Defendants filed an answer on 14 November 2008, generally denying plaintiff's negligence claim and asserting the defense of contributory negligence. Plaintiff subsequently filed a reply, denying defendants' contributory negligence claim and alleging last clear chance.

On 8 May 2009, defendants filed a motion for summary judgment and a supporting affidavit by Lee Gahagan, the litigation examiner at defendants' insurance carrier, Frankenmuth Mutual Insurance Company, in which he stated that plaintiff's insurance carrier, Liberty Mutual Insurance Company, had filed a claim with Frankenmuth, requesting reimbursement for the funds it had paid plaintiff as a result of his insurance claim stemming from the car accident. Mr. Gahagan stated that when Frankenmuth denied Liberty Mutual's claim, it was referred to binding inter-company arbitration and that the "arbitration panel returned a decision in favor of Frankenmuth." Based on this affidavit, defendants asserted that they were entitled to judgment as a matter of law on the ground that the arbitration award

in Frankenmuth's favor "operates as *res judicata* upon the parties to this action." On 8 June 2009, plaintiff filed a motion to strike Mr. Gahagan's affidavit. The trial court conducted a hearing on the parties' motions on 12 June 2009, in which plaintiff made an oral motion for summary judgment. In three separate orders entered 16 June 2009, the trial court denied plaintiff's motion to strike, denied his motion for summary judgment, and granted defendants' motion for summary judgment. Plaintiff subsequently filed a motion for findings of fact and for a new trial. In orders entered 29 July 2009, the trial court denied plaintiff's motion for findings of fact and his motion for a new trial. Plaintiff timely appealed to this Court from the trial court's orders granting summary judgment in favor of defendants and denying his motion for a new trial.

## Motion to Strike Affidavit

[1] Although plaintiff argues that the trial court erred in denying his 8 June 2009 motion to strike Mr. Gahagan's 4 May 2009 affidavit, the record on appeal does not include a notice of appeal from the court's order denying plaintiff's motion. Rule 3 of the Rules of Appellate Procedure requires that the notice of appeal filed by an appellant "designate the judgment or order from which appeal is taken . . . ." N.C. R. App. P. 3(d). The requirements of Rule 3 are "jurisdictional in nature." *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 158, 392 S.E.2d 422, 425 (1990). "Without proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown under Rule 2." *Bromhal v. Stott*, 116 N.C. App. 250, 253, 447 S.E.2d 481, 483 (1994), *disc. review denied in part*, 339 N.C. 609, 454 S.E.2d 246, *aff'd in part*, 341 N.C. 702, 462 S.E.2d 219 (1995); *accord Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) (stating that Rule 3's requirements are jurisdictional and that "[a] jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal"); *Crowell Constructors, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 563-64, 402 S.E.2d 407, 408 (1991) (per curiam) (holding that, because record did not contain notice of appeal in compliance with Rule 3, there was no appellate jurisdiction and appeal must be dismissed). We, therefore, lack jurisdiction to review the trial court's order denying plaintiff's motion to strike Mr. Gahagan's affidavit.

In any event, plaintiff cannot demonstrate prejudice from the denial of his motion. *See Starco, Inc. v. AMG Bonding and Ins.*

*Services*, 124 N.C. App. 332, 335, 477 S.E.2d 211, 214 (1996) (explaining that, in order to obtain relief on appeal, appellant must demonstrate that any error by trial court is "material and prejudicial"). On appeal, plaintiff contends that Mr. Gahagan's affidavit (1) is not based on personal knowledge as required by N.C. R. Civ. P. 56(e) and (2) violates N.C. R. Evid. 1002, the "best evidence rule." Even assuming, without deciding, that the trial court erred on either of these grounds in considering Mr. Gahagan's *4 May 2009 affidavit* in ruling on the parties' motions for summary judgment, the record before the trial court also included Mr. Gahagan's *11 March 2009 affidavit* in which he provided substantially the same information about the arbitration between Frankenmuth and Liberty Mutual as he did in his 4 May 2009 affidavit. Plaintiff's motion to strike Mr. Gahagan's 11 March 2009 affidavit was denied by an order entered 23 April 2009, and plaintiff did not appeal from that order. Consequently, even if the 4 May 2009 affidavit had been excluded, virtually identical evidence remained in the record in the form of the 11 March 2009 affidavit.

## Summary Judgment

**[2]** Plaintiff contends that the trial court erred in granting defendants' motion for summary judgment. An appellate court "review[s] the trial court's order allowing summary judgment de novo." *Builders Mut. Ins. Co. v. North Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c). The moving party has the burden of demonstrating the lack of any triable issue of fact and entitlement to judgment as a matter of law. *Garner v. Rentenbach Constructors, Inc.*, 350 N.C. 567, 572, 515 S.E.2d 438, 441 (1999). The evidence produced by the parties is viewed in the light most favorable to the non-moving party. *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000).

On appeal, plaintiff argues that summary judgment is inappropriate in this case because "[t]he arbitration proceeding between Plaintiff's insurance carrier and Defendants' insurance carrier is not *res judicata* in this action." According to the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004). In contrast, the companion doc-

trine of collateral estoppel or issue preclusion provides that the determination of an issue in a prior proceeding precludes the relitigation of that issue in a later action, provided that the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding. *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 433-34, 349 S.E.2d 552, 560 (1986). Thus, "while *res judicata* precludes a subsequent action between the same parties or their privies based on the same *claim*, collateral estoppel precludes the subsequent adjudication of a previously determined *issue*, even if the subsequent action is premised upon a different claim." *Hales v. North Carolina Insurance Guaranty Assn.*, 337 N.C. 329, 333, 445 S.E.2d 590, 594 (1994).

Here, the trial court treated defendants' preclusion defense based on the arbitration award as one of *res judicata*, determining that the outcome of the arbitration between Liberty Mutual (plaintiff's insurer) and Frankenmuth (defendants' insurer), which was favorable to Frankenmuth, barred plaintiff's subsequent lawsuit premised on the allegation that Mr. Linares (Frankenmuth's insured) was negligent in causing the auto accident at issue in this case. This case may more properly come within the scope of the doctrine of collateral estoppel, given that plaintiff seeks recovery of alleged damages not covered by his insurance policy with Liberty Mutual. Here, however, the distinction is not determinative because, through either doctrine, the trial court ruled that the arbitration panel's decision in favor of Frankenmuth was binding on plaintiff as Liberty Mutual's insured.

Preclusive effect is not limited to court proceedings; it arises in the same manner from arbitration awards. *See Murakami v. Wilmington Star News, Inc.*, 137 N.C. App. 357, 360, 528 S.E.2d 68, 70 (holding doctrine of collateral estoppel may apply to unconfirmed arbitration award), *disc. review denied*, 352 N.C. 148, 544 S.E.2d 225 (2000); *Rodgers Builders v. McQueen*, 76 N.C. App. 16, 22, 331 S.E.2d 726, 730 (1985) (applying doctrine of *res judicata* to confirmed arbitration award), *disc. review denied*, 315 N.C. 590, 341 S.E.2d 29 (1986). One who was not a party to a prior arbitration may use the arbitration award to bind an adverse party in a subsequent proceeding if, among other things, the adverse party or its privy was a party to the arbitration and "enjoyed a full and fair opportunity to litigate th[e] issue in the earlier proceeding." *Whitacre P'ship*, 358 N.C. at 15, 591 S.E.2d at 880. The dispositive issue in this case is whether the result of an arbitration between insurers may be given preclusive

effect against an insured who was not a party to the arbitration. Under the facts of this case, we conclude that it may not.

While an unconfirmed arbitration award may be given preclusive effect in future litigation, the scope of that effect is "determined by the agreement to arbitrate." *Murakami*, 137 N.C. App. at 360, 528 S.E.2d at 70. The parties contracting for arbitration are free to "formulate their own contractual restrictions on [the] carry-over estoppel effect" of the arbitration award, but the parties "cannot, of course, impose similar limitations which would impair or diminish the rights of third persons." *American Ins. Co. v. Messinger*, 43 N.Y.2d 184, 194, 371 N.E.2d 798, 804, 401 N.Y.S.2d 36, 42 (1977).

Here, there is no dispute that Liberty Mutual and Frankenmuth contractually agreed to submit Liberty Mutual's claim to "binding intercompany arbitration through Automobile Subrogation Arbitration Forum[,]" and thus are bound by the panel's decision as to whether Mr. Linares "negligent[ly]" caused the auto accident in this case. However, unless plaintiff is a party to the arbitration agreement, he sought to benefit directly from the arbitration, or he actively participated in or controlled the arbitration, plaintiff is not bound by the outcome of the arbitration between Liberty Mutual and Frankenmuth. *See Rodgers Builders*, 76 N.C. App. at 29, 331 S.E.2d at 734 ("Although James McQueen was not named as a party to the arbitration, it is clear that he had a strong financial interest in the determination of the issues there because of his ownership interests in McQueen Properties and Parkhill Associates, and that he was an active and controlling participant in the arbitration. He thus is bound by the judgment entered on the arbitration award just as if he were a named party to the proceeding."); *see also Levin-Townsend Computer Corp. v. Holland*, 29 A.D.2d 925, 925, 289 N.Y.S.2d 12, 14 (N.Y. App. Div. 1968) (per curiam) ("Unless [appellant] is a party to an agreement to arbitrate, or unless by its actions or course of conduct it embraces or adopts such agreement, or seeks to benefit directly by provisions of such agreement, it, of course, is not bound by the result in arbitration proceedings between [respondent] and [appellant]'s wholly owned subsidiaries.").

On appeal, defendants fail to point to any evidence submitted on summary judgment suggesting that plaintiff is a party to the arbitration agreement between Liberty Mutual and Frankenmuth, that he adopted the agreement, or that he sought to benefit directly from the arbitration. *See Hartford Acc. & Indem. Co. v. Maryland Cas. Co.*, 75 Misc.2d 410, 412, 347 N.Y.S.2d 380, 383 (N.Y. Sup. Ct. 1973) (holding

that plaintiff's personal injury action against other driver in auto accident was not precluded by arbitration award between insurance carriers regarding damage to plaintiff's car because plaintiff did not participate in or control arbitration, was not a party to arbitration agreement, did not adopt agreement, or attempt to benefit from agreement). Nor is there any evidence that plaintiff controlled, participated in, or even had notice of the arbitration proceedings in this case. *See Baldwin v. Brooks*, 83 A.D.2d 85, 85-90, 443 N.Y.S.2d 906, 907-10 (N.Y. App. Div. 1981) (holding that driver was not bound in subsequent personal injury case by prior arbitration decision that plaintiff's injuries were related to auto accident because driver was not in privity with his insurance carrier and did not participate in arbitration). The trial court, therefore, erred in granting defendants' motion for summary judgment on the basis that plaintiff's present negligence action is barred by the prior arbitration decision finding that Mr. Linares was not negligent. Due to our disposition on appeal, we do not address plaintiff's remaining arguments.

Reversed.

Judges STEPHENS and ERVIN concur.